# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 16 C 11152 |
| v. | ) | Hon. Marvin E. Aspen |
| | ) | |
| KELLY SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Presently before us is Plaintiff Brenda Brown's motion to strike Defendant Kelly Services, Inc.'s ("Kelly") affirmative defenses. (Mot. (Dkt. No. 14).) For the reasons stated below, we grant in part and deny in part Plaintiff's motion.

## BACKGROUND

Plaintiff worked as a recruiter for Kelly in its Romeoville, Illinois office. (Compl. ¶¶ 1, 6.) Plaintiff alleges that during her time at Kelly she observed discrimination against African-American job applications. (*Id.* ¶ 9.) Specifically, Plaintiff alleges that another employee gave preference to non-African American applicants, provided pretextual reasons for denying African-American applicants particular job assignments, and did not offer African-American applicants the same assistance as other applicants during the application process. (*Id.* ¶¶ 10–13.) Plaintiff claims that on June 20, 2016 she began to complain to Kelly about the discrimination she witnessed, after which her co-worker "began to treat [her] in a disrespectful and hostile manner." (*Id.* ¶¶ 15–16.) Plaintiff further claims she reported her coworker's behavior to her branch manager, who then asked if she wanted to resign. (*Id.* ¶ 17.)

Plaintiff declined and was terminated on June 28, 2016. (*Id.* ¶ 18.) Plaintiff filed her complaint alleging retaliation in violation of 42 U.S.C. § 1981 on December 7, 2016. On February 1, 2017, Kelly responded by filing its answer and affirmative defenses. (Dkt. No. 8.) Plaintiff moved to strike those affirmative defenses on February 15, 2017.

## LEGAL STANDARD

Plaintiff's motion to strike Kelly's affirmative defenses is governed by Rule 12(f), which states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored because they "potentially serve only to delay," and so affirmative defenses "will be stricken only when they are insufficient on the face of the pleadings." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). To survive a motion to strike, an affirmative defense must satisfy a three-part test: "(1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9, and (3) the matter must withstand a Rule 12(b)(6) challenge." *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1039 (N.D. Ill. 2014) (citation omitted).

As an initial matter, the parties dispute whether the pleading standard set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) applies to affirmative defenses. (Def.'s Resp. (Dkt. No. 27) at 2–4); Pl.'s Reply (Dkt. No. 29) at 1–3.) The Seventh Circuit has not yet decided whether that the *Twombly-Iqbal* standard applies to affirmative defenses. However, the majority view of District Court decisions in this circuit is that the pleading standard set forth in *Twombly* and *Iqbal* applies to affirmative defenses. *See Sarkis Cafe*, 55 F. Supp. 2d at 1040; *Shield Tech.*

*Corp. v. Paradigm Postitioning, LLC*, No. 11 C 6183, 2012 WL 4120440, at *8 (N.D. Ill. Sept. 19, 2012) ("[W]e believe that the test applicable to affirmative defenses should reflect current pleading standards, and therefore adopt the majority view that *Twombly* and *Iqbal* apply to affirmative defenses."); *Champion Steel Corp. v. Midwest Strapping Prods., Inc.*, No. 10 C 50303, 2011 WL 5983297, at *2 n.2 (N.D. Ill. Nov. 28, 2011) ("The majority of courts in this circuit who have addressed the issue have concluded that the pleading standards of *Twombly/Iqbal* apply to affirmative defenses."); *Riemer v. Chase Bank USA, N.A.*, 274 F.R.D 637, 639–40 (N.D. Ill. 2011) (collecting cases). Because "[a]ffirmative defenses are pleadings and, therefore, subject to all pleading requirements of the Federal Rules of Civil Procedure," we agree with the majority view and shall apply the *Twombly* and *Iqbal* pleading standard to affirmative defenses. *Heller*, 883 F.2d at 1294. Accordingly, Kelly's affirmative defenses must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974).

## ANALYSIS

Kelly asserts 22 affirmative defenses in its answer. (Dkt. No. 8 at 5–7 (numbered 24–46).) Plaintiff moves to strike all of Kelly's affirmative defenses, except for defenses 34 and 43.[1] (Mot. at 1.) Plaintiff argues that Kelly's Affirmative Defenses Nos. 25–28, 35, and 38 must be stricken because they are mere legal conclusions. (Pl.'s Mem. ISO Mot. (Dkt. No. 15) at 3–4, 6–7.) With the exception of Affirmative Defense No. 27, we agree. For example, Kelly's Affirmative Defense No. 25 states that "Plaintiff's Complaint is barred

---

[1] Kelly also withdrew affirmative defenses 24, 29–33, 36–37, 39, 41–42, and 46 in response to Plaintiff's motion. (Def.'s Resp. at 13.) We therefore deny Plaintiff's motion to strike those affirmative defenses denied as moot.

3

because of release, prior judgment, statute of limitations, and/or assignment or other disposition of the claim before the commencement of the action." (Dkt. No. 8 at 5.) These "[t]hreadbare recitals of the elements" would not withstand a Rule 12(b)(6) challenge. *Iqbal*, 56 U.S. at 678, 129 S. Ct. at 1949; *see Heller*, 883 F.2d at 1294 ("The remaining defenses are equally meritless. They are nothing but bare bones conclusory allegations."). Accordingly, we grant Plaintiff's motion to strike Kelly's Affirmative Defense Nos. 25, 26, 28, 35, and 38.

Kelly's Affirmative Defense No. 27 states in conclusory fashion that, "[w]ithout admitting Plaintiff suffered any damages, Plaintiff has failed to mitigate her damages." (Dkt. No. 8 at 5.) However, "where discovery has barely begun, the failure to mitigate defense is sufficiently pled without additional facts." *Thomas v. Exxon Mobil Corp.*, No. 7 C 7131, 2009 WL 377334, at *4 (N.D. Ill. Feb. 11, 2009) (internal quotation marks omitted) (quoting *AAR Int'l, Inc. v. Vacances Heliades S.A.*, 202 F. Supp. 2d 788, 800 (N.D. Ill. 2002)). We therefore deny Plaintiff's motion to strike Kelly's Affirmative Defense No. 27.

In its Affirmative Defense No. 40, Kelly states its "actions and communications were made in good faith and without malice or reckless indifference or a desire to harm Plaintiff." (Dkt. No. 8 at 6.) That defense is "nothing more than a mere denial of the allegations in the complaint," and is "inappropriately pleaded" as an affirmative defense. *Thomas*, 2009 WL 377334, at *2 (finding defendant's defense that its "conduct was not willful" was inappropriately pleaded as an affirmative defense); *see also Weisman v. First Data Merchant Servs. Corp*, No. 6 C 3024, 2006 WL 3694853, at *2 (N.D. Ill. Dec. 11, 2006) (finding defendant's defense that it "did not act in willful disregard of the requirements of any law" was a "redundant denial[] of plaintiff's allegations" and not properly pleaded as an affirmative defense). We therefore grant Plaintiff's motion to strike Kelly's Affirmative

Defense No. 40. *Holzer v. Prudential Equity Group LLC*, 520 F. Supp. 2d 922, 929 (N.D. Ill. 2007) ("It is improper to assert something as an affirmative defense that is nothing more than a denial of an allegation contained in the complaint." (citation omitted)).

Kelly's Affirmative Defense No. 44 states that, "[if] Plaintiff suffered any damages, which Kelly Services, Inc. disputes, such damages were proximately and legally caused by the misconduct and fault of Plaintiff or parties other than Kelly Services, Inc." (Dkt. No. 8 at 7.) In addition to being a bare-bones legal conclusion, this affirmative defense concerns "apportionment of liability and the liability of others, [which] are denials." *Hughes v. Napleton's Holdings, LLC*, No. 15 C 50137, 2016 U.S. Dist. LEXIS 155202, at *17 (N.D. Ill. Nov. 6, 2016); *see also Yash Raj Films (USA) Inc. v. Atlantic Video*, No. 3 C 7069, 2004 WL 1200184, at *3 (N.D. Ill. May 28, 2004) (striking an affirmative defense that "operates to reduce liability on a comparative fault basis or operates as a denial of liability altogether, and as such, does not qualify as an affirmative defense"). Accordingly, we grant Plaintiff's motion to strike Kelly's Affirmative Defense No. 44.

Finally, Plaintiff argues we must strike Kelly's Affirmative Defense No. 45, which states that "Plaintiff has executed an arbitration agreement waiving the jurisdiction of this court," (Dkt. No. 8 at 7), because Kelly "fail[ed] to attached the alleged arbitration agreement or recite any of its alleged terms" such that its defense "is simply a legal conclusion without any supporting facts." (Pl.'s Mem. at 9.) At the pleading stage, Kelly is not required to provide proof of the arbitration agreement, or detail the terms of the agreement. Accepting as true Kelly's assertion that Plaintiff executed an arbitration that waives the jurisdiction of this court, which we are required to do at this stage of the litigation, we find that Kelly has plausibly alleged

its Affirmative Defense. *Twombly*, 550 U.S. at 555–56, 127 S. Ct. at 1964–65. We therefore deny Plaintiff's motion to strike Kelly's Affirmative Defense No. 45.

## CONCLUSION

For the foregoing reasons, we grant Plaintiff's motion to strike Kelly's Affirmative Defense Nos. 25–26, 28, 35, 38, 40, and 44, and deny her motion to strike Affirmative Defense Nos. 27 and 45. It is so ordered

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: April 18, 2017
       Chicago, Illinois