FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRENDA BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.16-cv-11152 |
| vs. | ) |
| | ) |
| KELLY SERVICES, INC. | ) Judge Marvin Aspen |
| | ) |
| Defendant. | ) |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

The Defendant, Kelly Services, hereby submits the attached Defendant's Proposed Jury Instructions which were objected to by the Plaintiff, Brenda Brown.

Respectfully Submitted,

KELLY SERVICES, INC


By:/s/ Rick Patterson
Rick Patterson
Steven Potter
Potter, DeAgostino, O'Dea & Patterson
2701 Cambridge Court #223
Auburn Hills, MI 48326
(248) 377-1700
rjpatterson@potterlaw.com
spotter@potterlaw.com


By:/s/ Angela M. Sekerka
Angela McManus Sekerka
Wilson, Elser, Moskowitz, Edelman & Dicker
55 W. Monroe St., Ste 3800
Chicago, IL 60603
(312) 704-0550
angela.sekerka@wilsonelser.com

**3.07  CAUTIONARY INSTRUCTION ON
REASONABLENESS OF DEFENDANT'S ACTION**

      In deciding Plaintiff's claim, you should not concern yourselves with whether Defendant's actions were wise, reasonable, or fair. Rather, your concern is only whether Plaintiff has proved that Defendant ended Plaintiff's assignment because of her complaint of racial discrimination against African American applicants.

7th Cir. Model Civil Jury Instruction No. 3.07 [modified]
Defendant Proposed Jury Instruction No. 1
Objected to:       ____X___ This instruction misstates the law and could easily confuse the jury, because "unwise, unreasonable, or unfair" acts are potentially circumstantial evidence of retaliatory intent, and, therefore, instructing the jury that "it should not concern yourself" with such matters is incorrect. Ledbetter v. Good Samaritan Ministries, 777 F.3d 955 (7th Cir. 2015)

Given:        _____
Denied:       _____
Modified:     _____
Reserved:     _____
Withdrawn:   _____

### 3.02   PLAINTIFF'S CLAIM – RETALIATION

Plaintiff, Brenda Brown claims that her assignment as a recruiter was ended on July 1, 2016 by the Defendant Kelly Services because she complained about race discrimination against African American applicants. To succeed in this claim, the Plaintiff must prove by a preponderance of the evidence that Defendant ended Plaintiff's assignment because of her complaint of race discrimination against African American applicants.  To determine that Plaintiff's assignment ended because of her complaint of race discrimination against African American applicants you must decide:

First, that she made a complaint about race discrimination against African American applicants to the Defendant;

Second, that her complaint about race discrimination against African American applicants was based on a reasonable, good faith belief that Kelly Services was treating African American job applicants less favorably then non-African American job applicants. This, however, does not, require Plaintiff to show that what she believed was correct;

Third, that the person or persons who made the decision to end Plaintiff's assignment had actual knowledge of her complaint about race discrimination against African American applicants; and

Fourth, the Defendant would not have ended her assignment on July 1, 2016 if she had not complained about race discrimination against African American applicants but everything else had been the same.

7th Cir. Model Civil Jury Instruction No. 3.02 [modified]
Defendant's Proposed  Jury Instruction No. 2
Objected to: \_\_\_\_X\_\_\_\_ Plaintiff objects to this jury instruction because it deviates unnecessarily from the Model Instructions, is repetitive, and unjustifiably adds an element of "actual knowledge" of the "decision maker" which is simply part of the causation element and argumentative. Additionally, the Defendant has argued that Brown had not made a complaint of discrimination so it is unnecessary to also instruct the jury that "the decision maker" had no knowledge of the complaint.

Given: _____
Denied: _____
Modified: _____
Reserved: _____
Withdrawn: _____