IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRENDA BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 16-cv-11152 |
| vs. | ) |
| | ) |
| KELLY SERVICES, INC. | ) Judge Marvin E. Aspen |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S OBJECTION TO THE DEFENDANT'S
## PROPOSED JURY VERDICT FORM

Pursuant to the Court's order entered August 28, 2017 (Docket No. 39), the Plaintiff, Brenda Brown, objects to the Defendant's Proposed Jury Verdict Form (Docket No. 42) and states as follows:

The Plaintiff opposes the Defendant's Proposed Jury Verdict Form because it fails to include punitive damages. Punitive damages are available on Brown's claim of retaliation brought pursuant to Section 1981 of the Civil Rights Act. *See*, 42 U.S.C. § 1981a(b)(4) The Defendant, however, asserts that its conduct does not give rise to the type of behavior that would justify the imposition of punitive damages. (See Defendant's Objection to Plaintiff's Proposed Jury Instruction No. 3 on Punitive Damages, Docket No. 46) Defendant is wrong.

As a threshold matter, the Supreme Court in *Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999) rejected the argument that punitive damages are only available in "extraordinarily egregious" cases. *Id.* 527 U.S. at 533 Consequently, Plaintiff does not have to show that Defendant engaged in shocking behavior when it retaliated against the Plaintiff by terminating her because she complained about race discrimination. Rather, the mere act of retaliation

followed by Defendant's attempts to hide it have been found to be the kind of insidious behavior to support punitive damage awards. *Gracia v. Sigmatron International, Inc.*, 102 F. Supp. 3d 983, 993 (N.D. Ill. 2015) This is precisely the conduct engaged in by the Defendant that justifies submitting punitive damages to the jury here.

The Plaintiff will present evidence at trial showing that on June 20, 2016, she complained to the Branch Manager about what she perceived to be discriminatory treatment by another recruiter in the treatment and placement of African-American job candidates. Following that complaint, the Plaintiff felt she was being forced out of the company and voiced her concerns about the hostile environment to her manager on June 27, 2017. The next day, her manager informed Brown that her assignment had been discontinued for business reasons, effective July 1st.

The close temporal proximity between the Plaintiff's protected activity and her termination gives rise to an inference of retaliation. *See, Benuzzi v. Bd. of Educ. of Chi.*, 647 F.3d 652, 665 (7th Cir. 2011) To avoid the consequences of its actions, the Defendant engages in a series of lies and deceit to break this inference of retaliation. It falsely denied that Plaintiff complained about discrimination at the June 20th meeting. Yet, her co-worker, who was the subject of the complaint, admits she did. The Defendant then attempts to disparage the Plaintiff's work performance by alleging she did not satisfactorily perform her job when all the evidence points to the contrary. Finally, and most important, the Defendant's justification for terminating the Plaintiff - the ending of the in-house temporary positions for budgetary reasons - was itself a

lie because the evidence shows only the Plaintiff was terminated for that alleged reason.[1]

The jury must be permitted to consider whether an award of punitive damages is necessary to punish the Defendant for its retaliatory conduct and cover-up. Indeed, the decision to award punitive damages and the amount is within the province of the jury to decide, not the court. *Lampley v. Onyx Acceptance Corp.*, 340 F.3d 478, 486 (7th Cir. 2003)

Kelly Services cannot deprive the jury of such a critical function by omitting punitive damages from the jury verdict form. This Court must, therefore, deny Kelly's Proposed Jury Verdict form and instead instruct the jury on punitive damages as proposed by Plaintiff in her Proposed Jury Instruction No. 3 and provide the jury with Plaintiff's Proposed Jury Verdict Form containing a verdict for punitive damages.

                                                   Respectfully submitted,

                                                   BRENDA BROWN

                                                   By:/s/ *Marshall J. Burt*
                                                        Her attorney

Marshall J. Burt, Esq.
The Burt Law Group, Ltd.
77 West Washington Street
Suite 1300
Chicago, IL 60602
(312) 419-1999
marshall@mjburtlaw.com

---

[1] The evidence supporting these facts will be set forth in the Plaintiff's Response to the Defendant's recently filed Motion for Summary Judgment.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of this filing to the following attorneys of record:

Steven Potter
Rick Patterson
Potter, DeAgostino, O'Dea & Patterson
2701 Cambridge Court #223
Auburn Hills, MI 48326

Angela McManus Sekerka
Erin Kathleen Schreiber
Wilson, Elser
55 W. Monroe St., Ste 3800
Chicago, IL 60603

/s/ Marshall J. Burt