IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRENDA BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 16-cv-11152 |
| vs. | ) |
| | ) |
| KELLY SERVICES, INC. | ) Judge Marvin E. Aspen |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S OBJECTIONS TO THE DEFENDANT'S
PROPOSED JURY INSTRUCTIONS**

Pursuant to the Court's order entered August 28, 2017 (Docket No. 39), the Plaintiff, Brenda Brown, submits the following objections to the Defendant Kelly Services, Inc. Proposed Jury Instructions (Docket No. 41).

**1)  Objection to Defendant's Proposed Jury Instruction No. 1: Cautionary Instruction on Reasonableness of Defendant's Action**

The Plaintiff objects to the Defendant's Proposed Jury Instruction No. 1 because it misstates the law under the facts on the case and could easily confuse the jury. Specifically, the instruction cautions the jury "not to concern yourselves with whether the Defendant's actions were wise, reasonable, or fair. Rather, your concern is only whether Plaintiff has proved that Defendant ended Plaintiff's assignment because of her complaint of racial discrimination against African American applicants." This instruction is contrary to Joint Proposed Jury Instruction No. 1.08 which requires the jury to concern themselves with all of the evidence. It is through all of the evidence presented, including the Defendant's attempts to cover-up its actions, which permit the jury to infer a retaliatory motive. *See, Appelbaum v. Milwaukee Metropolitan Sewerage*

-1-

*District*, 340 F.3d 573, 579 (7th Cir. 2003)(Although court is not a super-personnel department that sits in judgment of the wisdom of the employer's decision, the jury is entitled to infer from all of the evidence whether the reason given for the adverse action was a cloak for discrimination)

Here, the Plaintiff will present evidence showing that the Defendant's reasons for ending her assignment (budget cuts and lack of work) are unreasonable, implausible, and unworthy of credence. This is circumstantial evidence that is probative of intentional discrimination. *Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 147 (2000) The cautionary instruction offered by the Defendant, however, improperly instructs the jury not to concern themselves with this circumstantial evidence. Such an instruction is not only confusing given Joint Proposed Jury Instruction No. 1.08, it is extremely prejudicial to the Plaintiff because it instructs the jury to ignore her evidence and the inferences drawn from that evidence. Consequently, the Defendant's Proposed Jury Instruction No. 1 must be denied.

**2) Objection to Defendant's Proposed Jury Instruction No. 2:
Plaintiff's Claim – Retaliation**

The Plaintiff objects to the Defendant's Proposed Jury Instruction No. 2 because it improperly deviates from the pattern instruction for retaliation claims contained in 3.02 of the Pattern Civil Jury Instruction for Employment Discrimination for the Seventh Circuit. That pattern jury instruction focuses on causation generally. Specifically, both parties agree on using the causation language from the pattern instruction, which provides that the jury must find:

> "the Defendant would not have ended Plaintiff's assignment on July 1, 2016 if she had not complained about race discrimination against African American applicants but everything else had been the same."

*See,* Plaintiff's Proposed Instruction No. 2, Third Paragraph and Defendant's Instruction No. 2, Fourth Paragraph. The Defendant, however, injects the following additional element into the pattern instruction:

> Third, that the person or persons who made the decision to end Plaintiff's assignment had actual knowledge of her complaint about race discrimination against African American applicants

This is superfluous language to the pattern instruction on retaliation because the causation element implicitly includes the jury finding that the person who was responsible for the decision to end the Plaintiff's assignment had knowledge of her discrimination complaint. What the defendant, however, is seeking to do with the additional language is to draw an undue focus on one aspect of causation which is best left to argument of counsel. Indeed, as pointed out in *Schandelmeier-Bartels v. Chicago Park District*, 634 F.3d 372 (7th Cir. 2011) when affirming the court's denial of a "cat's paw" instruction, "[i]t is not necessary to instruct the jury about the intricacies of various doctrines the courts have developed for digesting summary judgment motions in employment discrimination cases. The court may and should simply ask the jury the counter-factual question, and the parties may argue whether, for example, the plaintiff's race made the critical difference, regardless of which of the employer's agents made or influenced the decision, or exactly how they did so." *Schandelmeier-Bartels*, 634 F.3d at 380-81

As in *Schandelmeier-Bartels*, the jury must answer the ultimate question of whether "the Defendant would not have ended Plaintiff's assignment on July 1, 2016 if she had not complained about race discrimination against African American applicants but everything else had been the same." The parties are left to argue over who was ultimately responsible for making the decision to terminate Brown and whether the evidence supports a reasonable inference that

that person had knowledge of her complaint based on all of the circumstantial evidence. How the jury determines that causation question, therefore, depends on how it views numerous pieces of evidence presented and argued by counsel.

  The Plaintiff's Proposed Jury Instruction No. 2 on Retaliation accurately reflects the law based on the facts of the case. There is no reason to deviate from that pattern instruction. Accordingly, the Defendant's Proposed Jury Instruction No. 2 must be denied.

                Respectfully submitted,

                BRENDA BROWN

                By:/s/ *Marshall J. Burt*
                   Her attorney

Marshall J. Burt, Esq.
The Burt Law Group, Ltd.
77 West Washington Street
Suite 1300
Chicago, IL 60602
(312) 419-1999
marshall@mjburtlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2017, I electronically filed the foregoing document with the

Clerk of Court using the CM/ECF system which will send notification of this filing to the

following attorneys of record:

Steven Potter
Rick Patterson
Potter, DeAgostino, O'Dea & Patterson
2701 Cambridge Court #223
Auburn Hills, MI 48326

Angela McManus Sekerka
Erin Kathleen Schreiber
Wilson, Elser
55 W. Monroe St., Ste 3800
Chicago, IL 60603

                                                                         /s/ Marshall J. Burt