**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRENDA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:16-cv-11152 |
| | ) | |
| v. | ) | Judge Marvin E. Aspen |
| | ) | |
| KELLY SERVICES, INC, | ) | Magistrate Judge Sheila M. Finnegan |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

NOW COMES Defendant, KELLY SERVICES, INC., by and through its attorneys, POTTER, DeAGOSTINO, O'DEA & PATTERSON and WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, and, pursuant to the Court's August 28, 2017 Oder (Dkt. #39), objects to Plaintiff's Proposed Jury Instructions as follows:

**1. Plaintiff's Proposed Jury Instruction No. 1, Corporate Actors**

Plaintiff seeks to have the Court read a "Corporate Actors" jury instruction that cites Illinois (Civil) Pattern Jury Instruction 50.11. That instruction reads:

> The [(plaintiff) (defendant) is a corporation] [the parties are corporations] and can act only through [its] [their] officers and employees. Any act or omission of an officer or employee within the scope of his employment is the action or omission of the [plaintiff] [defendant] corporation.

Plaintiff's version reads:

> A corporation may act only through natural persons as agents or employees; and, in general, any employee of a corporation may bind the corporation by his or her acts and statements made while acting in a managerial capacity or if an employee's acts were expressly authorized or ratified by Defendant.

The modifications made to the instruction by Plaintiff reveal what Plaintiff is attempting to do in this case and it is not proper. Plaintiff has asserted a single claim of retaliation. In order to establish a claim of retaliation, Plaintiff must establish that the individual making the decision to take an adverse action, which in this case was the end of Plaintiff's assignment, was aware of the alleged protected activity, the June 20th complaint about the way African American applicants were treated, because if the decision maker did not know about the protected activity the decision to take the action could not have been in retaliation for the protected activity. *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 668-669 (7th Cir.2006).

Plaintiff cannot establish that the actual decision maker, Al Sowers, was aware of Plaintiff's complaints on June 20th so she wants to instruct the jury that they can find in her favor based on the conduct of "any employee" even without any evidence that Al Sowers was aware of her protected activity. In terms of this case, Plaintiff wants to argue that the actions of Jennifer Lammers and/or Nancy Spisak that Plaintiff complains about and their knowledge of protected activity are binding on Defendant. In other words, as long as "any employee" had knowledge, that knowledge can be imputed to the corporation to support Plaintiff's retaliation claim. This contention does not accurately reflect the necessary proofs to establish relation and cannot be presented to the jury.

The instruction is not proper in this case because this case does not involve any agency issues. Plaintiff cannot equate knowledge by Lammers with knowledge by all Kelly employees in order to establish the requisite knowledge to support a retaliation claim. Plaintiff is attempting to make an end run around a lack of evidence by including an instruction that would excuse her lack of evidence regarding knowledge by the decision maker. The attempt must be rejected by the Court

and Plaintiff's Proposed Jury Instruction No. 1 regarding "Corporate Actors" must be struck from the jury instruction to be read to the jury in this case.

**2. Plaintiff's Proposed Jury Instruction No. 2, Retaliation**

In submitting their proposed jury instruction on retaliation, both parties modify the standard jury instruction from the 7th Cir. Model Civil Jury Instructions No. 3.02. The first difference relates to the identification of the adverse action involved in this case. Plaintiff asserts she was terminated while Defendant indicates that her assignment ended. Defendant's verbiage is more accurate because Plaintiff was not terminated from Kelly Services and was offered subsequent assignments that she rejected.

The most significant difference between the parties proposed jury instructions is Defendant's inclusion of the following language: "Third, that the person or persons who made the decision to end Plaintiff's assignment had actual knowledge of her complaints about race discrimination against African American applicants." The foregoing language is not part of the standard instructions but neither are Plaintiff's first two explanatory paragraphs relating to engaging in protected activity and the plaintiff only being required to show a good faith belief discrimination occurred rather than having to prove discrimination actually existed. Plaintiff included these paragraphs to provide the jury with additional detail about the parameters of what is required to prove her retaliation claim. Defendant did not object to these explanatory paragraphs because they conform to cases interpreting the elements of a retaliation claim. Defendant simply added an explanatory paragraph of its own relating to knowledge by the decision maker being necessary to establish retaliation. Stated differently, both parties deviate from the standard instruction and if Plaintiff is permitted to do so, Defendant must be permitted to do so as well.

Defendant disagrees with Plaintiff's position that the issue of knowledge is part of the causation element. Plaintiff cites no case to support this contention. What is reflected in the causation analysis is that knowledge by the decision maker is presumed because without knowledge of a protected activity there can be no retaliation. Plaintiff asserts the language regarding knowledge is not necessary because it is implicit in the causation language. The same could be said for the requirement that the plaintiff engaged in protected activity yet Plaintiff includes a separate paragraph in her instruction to specifically identify she engaged in protected activity. Plaintiff's objection to the knowledge language states: "the causation element implicitly includes the jury finding that the person who was responsible for the decision to end the Plaintiff's assignment had knowledge of her discrimination complaint." Thus, Plaintiff is not claiming the language included by Defendant is improper or a misstatement of the law, just that she does not want the jury to be specifically advised that she must establish knowledge by the decision maker. The attempt to hide that information from the jury because she believes it is implicit for the jury cannot be permitted. Defendant is not asking for an explanation of a legal doctrine but simply clarification of something Plaintiff must prove to establish her retaliation claim.

The case law is clear that if a decision maker is not aware of the plaintiff's alleged protected activity there is no basis to assert the decision was made in retaliation for the protected activity. "It is not sufficient that [an employer] could or even should have known about [an employee's] complaint; [the employer] must have had actual knowledge of the complaints for [its] decisions to be retaliatory." *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 668 (7th Cir.2006) (alterations in original) (quoting *Luckie v. Ameritech Corp.*, 389 F.3d at 715); *Miller v. Am. Family Mut. Ins. Co.*, 203 F.3d 997, 1008 (7th Cir.2000) ("[A]n employer cannot retaliate when it is unaware of any

complaints."). This knowledge requirement exists under both the direct and indirect method of proof, with "proof of retaliation under the indirect method presuppos[ing] that the decision-maker knew that the plaintiff engaged in a statutorily protected activity, because if an employer did not know the plaintiff made any complaints, it cannot be trying to penalize him for making them." *Tomanovich*, 457 F.3d at 668–69 (citation omitted) (internal quotation marks omitted). Regardless of what method of proof Plaintiff attempts to rely upon to support her retaliation claim, a necessary requirement to assert her claim is that the decision maker had knowledge of her protected activity. Therefore, the inclusion of the knowledge requirement in the instruction to be read to the jury is appropriate.

Plaintiff cannot be permitted to modify an instruction to assist its explanation about having to establish a good faith belief about the existence of discrimination and then reject Defendant offering a similar explanation regarding knowledge. There are two options to convey the information to the jury. The first would be to read the standard instruction and then read special instructions that offer plaintiff's explanation about protected activity and establishing a good faith belief and defendant's explanation about the knowledge requirement to support a retaliation claim. The second option, which is what is being offered by Defendant's proposed instruction is to include the explanatory information within the framework of the standard jury instruction so it is presented to the jury in one location at the same time. Plaintiff's attempt to avoid the portion of the instruction regarding establishing knowledge by the decision maker is also consistent with Plaintiff's attempt to hold Defendant as a corporation liable based on the actions and knowledge of Lammers and Spisak, who were not involved in the decision to end Plaintiff's assignment. There is no evidence in the record in this case that either Lammers or Spisak had any involvement in the decision to end Plaintiff's assignment. So Plaintiff cannot rely on their knowledge to support her retaliation claims.

In addition, while preparing its Objection, Defendant realized that the final paragraph of the 7th Cir. Model Civil Jury Instruction No. 3.02 was inadvertently omitted from its proposed retaliation instruction. The final paragraph reads:

> If you find that Plaintiff has proved this by a preponderance of the evidence then you must find for Plaintiff. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant.

Regardless of what the final language of the retaliation instruction to be read to the jury is, Defendant requests that the above paragraph from the standard instruction be included to advise the jury in making its determination in this case.

**3. Plaintiff's Proposed Jury Instruction No. 3, Punitive Damages**

Rather than restating its position with regard to punitive damages, Defendant incorporates and relies upon its Objection to Plaintiff's Proposed Verdict Form regarding punitive damages in this case filed on this same date as if fully restated herein.

Based on the foregoing, Plaintiff's Instructions No. 1, 2, and 3 should be denied in favor of reading Defendant's Instruction No. 2.

Dated this 5th day of October, 2017

/s/Rick J. Patterson
Rick J. Patterson (Pro Hac Vice)
POTTER, DeAGOSTINO, O'DEA & PATTERSON
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
248.377.1700 p . 248.377.0051 f
rjpatterson@potterlaw.com

/s/Angela M. Sekerka
Angela M. Sekerka
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603-5016
312.704.0550 p / 312.704.1522 f
angela.sekerka@wilsonelser.com
ATTORNEYS FOR DEFENDANT KELLY SERVICES, INC.

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on October 5, 2017, she caused the foregoing pleading to be filed with the court by electronic filing protocols using the CM/ECF system, and that a copy of the same will therefore be electronically served upon all attorneys of record registered with the court's CM/ECF system.

/s/RICK J. PATTERSON