IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 16-cv-11152 |
| vs. | ) | |
| | ) | |
| KELLY SERVICES, INC. | ) | Judge Marvin E. Aspen |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S EXHIBITS SUBMITTED IN OPPOSITION
TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| Exhibit | Description |
|---|---|
| A-1 | Complaint |
| A-2 | Answer to the Complaint |
| B | Defendant's Answers to Interrogatories |
| C | IDES Hearing Transcript |
| D | Emails |
| E | Defendant's Initial Rule 26a Disclosures |
| F | Defendant's Supplemental Rule 26a Disclosures |
| G | Defendant's Response to Document |

Marshall J. Burt, Esq.
The Burt Law Group, Ltd.
77 West Washington Street
Suite 1300
Chicago, IL 60602
(312) 419-1999
marshall@mjburtlaw.com

# EXHIBIT

# A-1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRENDA BROWN, | ) |
| | )Civil Action No. |
| Plaintiff, | ) |
| | )Judge |
| vs. | ) |
| | )Magistrate Judge |
| KELLY SERVICES, INC., | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

The Plaintiff, Brenda Brown, through her attorneys, hereby complaints against the Defendant Kelly Services, Inc. as follows:

### Nature of the Action

1.      The Plaintiff was employed by Kelly Services as a recruiter. After witnessing certain discriminatory practices engaged in by Kelly Services toward African-American job applicants, the Plaintiff complained to her manager. In response to her complaints, Kelly Services terminated the Plaintiff. By terminating the Plaintiff in retaliation for her complaints of racial discrimination, the Defendant violated Plaintiff's civil rights protected under Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

### Jurisdiction and Venue

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it involves a federal question under 42 U.S.C. § 1981.

3.      Venue is proper in this federal court because the Defendant resides in the Northern District of Illinois, Eastern Division and the cause of action arose here.

### The Parties

4.      The Plaintiff, Brenda Brown, is an African-American woman residing in Downers

Grove, Illinois.

5.      The Defendant, Kelly Services, Inc. is a Delaware corporation with a branch office located in Romeoville, Illinois. Kelly Services is a worldwide employment agency and job recruitment company assisting people and businesses with job placement, staffing and other workplace solutions. In 2015, Kelly Services had annual revenues exceeded $5 billion.

## Plaintiff's Employment At Kelly Services

6.      On or about May 9, 2016, the Plaintiff entered into a verbal contract to work for Kelly Services at its Romeoville branch office as a "temporary-to-hire" in-house recruiter. It was explained to the Plaintiff by the branch manager that the "temporary to hire" in-house recruiter title was designated as a temporary position but would soon become permanent if plaintiff performed satisfactorily. The branch manager also represented that there was a substantial volume of work for the recruiters and Plaintiff had the opportunity to work at both the Romeoville and Frankfort Illinois locations which were each managed by the same branch manager.

7.      Based on Plaintiff's interest in a human resources and recruiting career and the representations made by the Kelly Services branch manager, the Plaintiff accepted the in-house recruiter position offered by Kelly Services. As an in-house recruiter, the Plaintiff was involved in recruiting qualified job applicants to staff open assignments for Kelly Service clients.

8.      At all times during her employment with Kelly Services, the Plaintiff performed her job duties in a satisfactory manner to warrant continued employment.

## The Discrimination Against African-American Job Applicants

9.      While performing her recruitment duties at the Kelly Services Romeoville branch office, the Plaintiff witnessed the discriminatory treatment of African-American job applicants by

her co-worker who treated non-African Americans more favorably than similarly qualified African-American job applicants.

10.    The discriminatory treatment included, but was not limited to, giving non-African American job applicants preference over similarly qualified African-American applicants to fill available staffing assignments.

11.    African-Americans were also denied job assignments on pretextual grounds including unsupported assertions that the applicant only wanted to work summers or had suffered previous work related injuries.

12.    Additionally, non-African-American job applicants were promptly greeted and welcomed by Plaintiff's co-worker upon their arrival at the Romeoville branch office. The co-worker also frequently assisted non-African-Americans in the completion of their paperwork, including creating or revising resumes.

13.    African-American applicants, however, were frequently ignored when entering the Kelly Services offices. Similarly, no effort was made to assist them in the application process on the grounds that any such assistance was against policy. Consequently, African-Americans would be excluded from potential job assignments or placed at a substantial disadvantage in obtaining the assignment if their paperwork was deficient, such as having incomplete or missing resumes.

14.    The disparate treatment of African-American job applicants witnessed by the Plaintiff was greatly offensive to the Plaintiff and caused her emotional distress. Accordingly, the Plaintiff requested a meeting with her branch manager to protest the discriminatory treatment of African-American job applicants by her co-worker at the Romeoville office.

### Plaintiff's Complaints of Discrimination and Defendant's Retaliation

15.    On or about June 20, 2016, the Plaintiff met with the branch manager of the

Romeoville office, together with her co-workers to discuss the racial discrimination she witnessed. Following this meeting Plaintiff was assured by the branch manager that her complaints would be fully addressed.

16.     Following the June 20th meeting, the Plaintiff's coworker began to treat the Plaintiff in a disrespectful and hostile manner because of the Plaintiff's complaints of discrimination made against her.

17.     On or about June 27, 2016, the Plaintiff complained to her branch manager about the hostile treatment she was receiving from her co-worker following the June 20, 2016 meeting. In response, Plaintiff's branch manager asked plaintiff if she wanted to submit her two week notice of resignation. Plaintiff stated she had no intention of resigning.

18.     On or about June 28, 2016, the Plaintiff's branch manager informed Plaintiff that her employment was being terminated.

19.     The termination of the Plaintiff was in retaliation for her complaints of race discrimination.

20.     By terminating the Plaintiff because she complained about race discrimination, the Defendant intentionally deprived the Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of employment associated with her contractual relationship with Defendant in violation of 42 U.S.C. § 1981.

21.     As a result of the retaliatory conduct by the Defendant Kelly Services, the Plaintiff has suffered actual damages, including lost wages.

22.     The retaliatory conduct by the Defendant Kelly Services has also caused the Plaintiff to suffer compensatory damages, including emotional distress.

23.     The retaliatory conduct by the Defendant Kelly Services was intentional because it

was done willfully and/or in complete disregard for the Plaintiff's federally protected civil rights. Accordingly, punitive damages are warranted and justified.

Wherefore, the Plaintiff, Brenda Brown hereby requests that judgment be entered in her favor and against the Defendant Kelly Services, Inc and to award her the following relief:

a.   Declare that the acts and practices complained of herein are in violation of 42 U.S.C. § 1981;

b.   Restrain and permanently enjoin these violations of 42 U.S.C. § 1981;

c.   Direct the Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect the Plaintiff's employment conditions and opportunities;

d.   Award Plaintiff actual damages;

e.   Reinstate the Plaintiff or if reinstatement is not feasible, to award Plaintiff front pay;

f.   Award Plaintiff compensatory damages and damages for her mental anguish and humiliation;

g.   Award Plaintiff punitive damages;

h.   Award Plaintiff her expenses incurred in connection with this action, including reasonable attorneys' fees as provided by 42 U.S.C. § 1981a; and

i.   Grant Plaintiff such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS**

BRENDA BROWN

By: /s/ Marshalll J. Burt
One of her attorneys

Marshall J. Burt, Esq.
The Burt Law Group, Ltd.
77 W. Washington, Ste 1300
Chicago, IL 60602
(312)-419-1999
marshall@mjburtlaw.com
IARDC#6198381

# EXHIBIT

# A-2

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:16-cv-11152 |
| | ) | |
| v. | ) | Judge Marvin E. Aspen |
| | ) | |
| KELLY SERVICES, INC., | ) | Magistrate Judge Sheila M. Finnegan |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO COMPLAINT, RELIANCE UPON JURY DEMAND AND AFFIRMATIVE DEFENSES

NOW COMES Defendant, KELLY SERVICES, INC., by and through its attorneys, WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, and for its Answer to Complaint, hereby states as follows:

### Nature of the Action

1.       In answer to paragraph 1, Defendant admits that Plaintiff was employed by Kelly Services as a recruiter. Defendant denies the balance of the allegations contained therein for the reason they are untrue.

### Jurisdiction and Venue

2.       Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

3.       Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

**The Parties**

4.          Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

5.          Defendant admits the allegations contained therein.

**Plaintiff's Employment At Kelly Services**

6.          Defendant denies the allegations contained therein for the reason they are untrue.

7.          Defendant lacks sufficient information or knowledge upon which to admit the allegations contained therein and therefore denies same.

8.          Defendant denies the allegations contained therein for the reason they are untrue.

**The Discrimination Against African-American Job Applicants**

9.          Defendant denies the allegations contained therein for the reason they are untrue.

10.          Defendant denies the allegations contained therein for the reason they are untrue.

11.          Defendant denies the allegations contained therein for the reason they are untrue.

12.          Defendant denies the allegations contained therein for the reason they are untrue.

13.          Defendant denies the allegations contained therein for the reason they are untrue.

14.          Defendant denies the allegations contained therein for the reason they are untrue.

**Plaintiff's Complaints of Discrimination and Defendant's Retaliation**

15.          Defendant denies the allegations contained therein for the reason they are untrue.

16.          Defendant denies the allegations contained therein for the reason they are untrue.

17.          Defendant denies the allegations contained therein for the reason they are untrue.

18.          Defendant denies the allegations contained therein for the reason they are untrue.

19.          Defendant denies the allegations contained therein for the reason they are untrue.

20.          Defendant denies the allegations contained therein for the reason they are untrue.

21.     Defendant denies the allegations contained therein for the reason they are untrue.

22.     Defendant denies the allegations contained therein for the reason they are untrue.

23.     Defendant denies the allegations contained therein for the reason they are untrue.

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Complaint and award Defendant costs, interest and attorneys' fees so wrongfully incurred.

Respectfully submitted,

**KELLY SERVICES, INC.**

By: /s/ Angela M. Sekerka
One of their attorneys

Angela M. Sekerka
Erin K. Schreiber
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603-5016
312.704.0550 p | 312.704.1522 f
angela.sekerka@wilsonelser.com
erin.schreiber@wilsonelser.com

2232156v.1

## RELIANCE UPON JURY DEMAND

NOW COMES Defendant, KELLY SERVICES, INC., by and through its attorneys, WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, and hereby relies upon the Demand for Jury filed by Plaintiff in the above-entitled cause.

Respectfully submitted,

**KELLY SERVICES, INC.**

By: /s/ Angela M. Sekerka
One of their attorneys

Angela M. Sekerka
Erin K. Schreiber
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603-5016
312.704.0550 p | 312.704.1522 f
angela.sekerka@wilsonelser.com
erin.schreiber@wilsonelser.com

2232156v.1

## **AFFIRMATIVE DEFENSES**

NOW COMES Defendant, KELLY SERVICES, INC., by and through its attorneys, POTTER, DeAGOSTINO, O'DEA & PATTERSON, and hereby submits the following as its affirmative defenses:

24.       Any and all allegations in the Complaint that were not specifically admitted are hereby denied.

25.       That Plaintiff's Complaint is barred because of release, prior judgment, statute of limitations, statute of frauds, and/or assignment or other disposition of the claim before the commencement of the action.

26.       That Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

27.       Without admitting Plaintiff suffered any damages, Plaintiff has failed to mitigate her damages.

28.       Plaintiff's claims are barred in whole or in part by waiver, estoppel, modification and/or unclean hands.

29.       Plaintiff's claims are barred in whole or in part due to her failure to exhaust administrative remedies.

30.       Defendant's decisions regarding Plaintiff were at all times motivated by legitimate, non-discriminatory reasons and non-retaliatory reasons which were not a pretext for discrimination or retaliation.

31.       Plaintiff cannot demonstrate that she was treated differently than similarly situated individuals on the basis of race or any other unlawful reason.

2232156v.1

32.     The alleged harassing behavior did not rise to the level of a hostile working environment.

33.     Defendant has a well-disseminated and consistently enforced policy against discrimination and harassment as well as a reasonable and available procedure for receiving and investigating alleged complaints of discrimination and harassment.  To the extent that Plaintiff unreasonably failed to use or otherwise avail herself of these policies and procedures, her claims are barred.

34.     To the extent that Plaintiff recovers any damages, Kelly Services, Inc. is entitled to a set-off from back pay award for all amounts earned by Plaintiff subsequent to her employment with Kelly Services, Inc.

35.     The Complaint is barred, in whole or in part, by the doctrine of after-acquired evidence.

36.     Kelly Services, Inc. promptly investigated all complaints asserted by Plaintiff and exercised reasonable care to prevent and correct unlawful harassment or retaliation.

37.     Kelly Services, Inc. took prompt appropriate action in response to Plaintiff's complaints.

38.     Plaintiff failed to provide timely notice to Defendant regarding the alleged behavior.

39.     Defendant did not take adverse action against Plaintiff.

40.     All of Kelly Services, Inc.'s actions and communications were made in good faith and without malice or reckless indifference or a desire to harm Plaintiff.

41.     All actions regarding Plaintiff's employment were unrelated to Plaintiff's alleged protected activity and were not taken in retaliation for any asserted protected activity.

6

2232156v.1

42.     Kelly Services, Inc. acted, at all relevant times, without an intent to discriminate or retaliate and without an intent to engage in any unlawful employment practices. Kelly Services, Inc. at all times made a good faith attempt to comply with Federal laws.

43.     Plaintiff is not entitled to punitive damages because Defendant did not act with malice or reckless indifference to Plaintiff's federally protected rights, and did not authorize, ratify, or have any knowledge of the unfitness, if any, of the employee who allegedly committed such acts.

44.     If Plaintiff suffered any damages, which Kelly Services, Inc. disputes, such damages were proximately and legally caused by the misconduct and fault of Plaintiff or parties other than Kelly Services, Inc.

45.     Plaintiff has executed an arbitration agreement waiving the jurisdiction of this court.

46.     Defendant reserves the right to amend these affirmative defenses in accordance with federal procedural law.

Dates this 1st day of February, 2017.

Respectfully submitted,

**KELLY SERVICES, INC.**

By: /s/ Angela M. Sekerka
One of their attorneys

Angela M. Sekerka
Erin K. Schreiber
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603-5016
312.704.0550 p | 312.704.1522 f
angela.sekerka@wilsonelser.com
erin.schreiber@wilsonelser.com

7

2232156v.1

Case: 1:16-cv-11152 Document #: 8 Filed: 02/01/17 Page 8 of 8 PageID #:19

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on February 1, 2017, she caused the foregoing pleading to be filed with the court by electronic filing protocols using the CM/ECF system, and that a copy of the same will therefore be electronically served upon all attorneys of record registered with the court's CM/ECF system.


/s/ Angela M. Sekerka

# EXHIBIT
# B

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRENDA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:16-cv-11152 |
| | ) | |
| v. | ) | Judge Marvin E. Aspen |
| | ) | |
| KELLY SERVICES, INC, | ) | Magistrate Judge Sheila M. Finnegan |
| | ) | |
| Defendant. | ) | |

**DEFENDANT KELLY SERVICES, INC.'S ANSWERS TO PLAINTIFF'S**
**FIRST SET OF INTERROGATORIES DIRECTED TO THE DEFENDANT**
**KELLY SERVICES, INC.**

COMES NOW Defendant KELLY SERVICES, INC., by and through undersigned counsel, and submits the following as its Answer to Plaintiff's First Set of Interrogatories.

### RESERVATION OF RIGHTS WITH REGARD TO ANSWERS

A.    The following responses represent the best information ascertained by KELLY and are based upon information obtained from records, files and individuals within its possession, custody, control or employ.  KELLY reserves the right at any time to revise, correct, add to or clarify any of the responses provided herein.

B.    The responses provided herein are subject to the right of KELLY to object on any ground, at any time, to a demand for further response to these or other interrogatories, or other discovery procedures involving or relating to the subject matter of the interrogatories herein.

C.    By responding to these discovery requests, KELLY does not concede the relevancy or admissibility of the information provided.

### GENERAL OBJECTIONS

A.    The following objections and conditions qualify each and every response which has an objection provided by KELLY and are incorporated by referenced into each and every one of those responses, as if set forth fully therein.

B.    KELLY objects to, and does not agree to be bound by, the definitions contained in Plaintiff's First Interrogatories to the extent they exceed the bounds permitted by the Federal Rules of Civil Procedure.

-1-

POTTER, DeAGOSTINO, O'DEA & PATTERSON

C.    KELLY objects to each separate interrogatory propounded by Plaintiff to the extent it seeks information or production of documents which is protected from discovery and privileged for the reason that it: (1) is subject to the attorney-client privilege; (2) is covered by the "work product" immunity; (3) was generated in anticipation of litigation or for trial by KELLY or its representatives; (4) relates to the identity or opinions of consulting experts who have been retained or employed in anticipation of litigation, are not expected to be called as witnesses at trial and whose mental impressions and opinion will not be reviewed by a testifying expert; (5) is subject to a protective or confidentiality agreement or order; and/or (6) is otherwise privileged or beyond the scope of discovery under applicable rules and laws. KELLY will not provide privileged information, and KELLY's responses should be read accordingly.

D.    KELLY objects to the requested information that is confidential or proprietary in nature, as well as any other business information not customarily disclosed to the public or to trade competitors. To the extent that any information regarding any of KELLY's responses specifies documents which are confidential or proprietary in nature, KELLY will provide such documents, if relevant, in accordance with a Protective Order.

E.    KELLY reserves the right to answer a discovery request by specifying the business records from which the answer may be derived or ascertained where the answer to an interrogatory may be derived or ascertained from KELLY's business records, and where the burden of deriving or ascertaining the answer is substantially the same for Plaintiff as it is for Defendant. KELLY will afford Plaintiff a reasonable opportunity to examine, audit, or inspect such records and to make copies, compilations, abstracts, or summaries of the same.

F.    Subject to the foregoing objections, which are incorporated into each of the following responses, KELLY responds to Plaintiff's discovery requests as follows:

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify (per Definition D above) all persons answering or participating in answering the following interrogatories and for each person listed, state by number and subpart each interrogatory answered by the person identified.

**ANSWER:   Jennifer Lammers, Senior Branch Manager, c/o counsel for Defendant Kelly.**

-2-

POTTER, DeAGOSTINO, O'DEA & PATTERSON

## INTERROGATORY NO. 2

Identify (per Definition D above) all persons working in the Romeoville Location of Kelly Services from January 1, 2015 up to the present.

**ANSWER:   Jennifer Lammers, Jennifer Conyers, Nancy Spisak, Justin Pedersen, Ann Wilson, Talie Pastiak, Miranda Benavidez, and Erica Pineda.**

## INTERROGATORY NO. 3

With respect to the hiring of the Plaintiff at the Romeoville Location in May 2016, state:

a.       the purpose for the assignment and the job title given to Plaintiff;

b.       the reason why the assignment was available;

c.       the reason why the Plaintiff was selected for the assignment and the person

          making the selection decision;

d.       the Plaintiff s supervisors and managers during the assignment;

e.       the Plaintiff s job duties;

f.       the identity of all persons (per Definition C above) having the same job

          title and duties as the Plaintiff from January 1, 2015 up to the present; and

g.       the identity of all documents (per Definition C above) concerning your
         answer.

**ANSWER:   Defendant objects to this Interrogatory for the reason that it is vague and overly broad in temporal scope, and not likely to lead to the discovery of admissible evidence. Without waiving said objection:**

a.       **The purpose for the assignment and job title given to Plaintiff was to fill job orders and recruit employees.**

b.       **The assignment was available due to business needs.**

c.       **Plaintiff was selected for the assignment because Plaintiff was qualified for the position.**

d.       **Jennifer Lammers was Plaintiff's supervisor/manager during the assignment.**

e.       **Please see KDP 144-146.**

-3-

f.    Nancy Spisak, Jennifer Conyers, Talie Pastiak, Miranda Benavidez and Erica Pineda.

g.    Please see KDP 1-87 and 144-146.

## INTERROGATORY NO. 4

Identify all facts supporting the Answer to Paragraph 8 of the Complaint wherein Defendant denied that "at all times during her employment with Kelly Services, the Plaintiff performed her job duties in a satisfactory manner to warrant continued employment" and identify all documents and communications concerning Plaintiff's alleged unsatisfactory job performance.

**ANSWER:**    **Defendant Kelly's Answer was required to be filed prior to the completion of Kelly's investigation of Plaintiff's claims. As such, Kelly's Answer was filed to preserve all defenses available. As of the present date, Kelly is not aware of any issues with Plaintiff's job performance.**

## INTERROGATORY NO. 5

With respect to the decision to end the Plaintiff's job assignment at Romeoville Location on or about July 1, 2016, state:

a.    the identity of all persons participating in the decision to end the Plaintiff's assignment;

b.    the identity of all communications relating to the decision to end the Plaintiff's assignment including the identity of all participants in the communication, the date of the communication and the subject matter of each communication;

c.    the identity of all other persons having the same job title as Plaintiff who had their job assignments terminated by Defendant for the same or similar reasons that the Plaintiff's assignment was terminated from January 1, 2015

-4-

up to the present; and

d.      the identity of all documents that refer or relate to your answer.

**ANSWER:   Defendant objects to this Interrogatory for the reason that it is vague and overly broad in temporal scope, and not likely to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege and/or attorney/client work product privileges. Without waiving said objection:**

     a.  **Brad Beckner, Regional Vice President, and Tammy Hink, Senior Area Manager, made the decision to end Plaintiff's job assignment at the Romeoville Branch.**

     b.  **Tammy Hink instructed Jennifer Lammers via telephone call to end Plaintiff's assignment due to a workforce reduction in the Chicago market.**

     c.  **Jason Dehn and Bryan Ramirez.**

     d.  **Not applicable.**

## INTERROGATORY NO. 6

With the exception of the Plaintiff, has any employee or job applicant made any formal or informal complaint of discrimination against Defendant involving the Romeoville Location from January 1, 2012 up to the present? If your answer is in the affirmative, state:

     a.     the identity of the employee making the complaint;

     b.     the subject matter of the complaint;

     c.     the resolution of the complaint; and

     d.     the identity of all documents concerning the complaint.

**ANSWER:     No.**

POTTER, DeAGOSTINO, O'DEA & PATTERSON

Respectfully submitted,

POTTER, DeAGOSTINO, O'DEA & PATTERSON

STEVEN M. POTTER
RICK J. PATTERSON
Attorneys for Defendant Kelly Services, Inc.
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
t: (248) 377-1700/f: (248) 377-0051
spotter@potterlaw.com
rjpatterson@potterlaw.com

Dated: April 17, 2017

## CERTIFICATE OF SERVICE

I hereby certify that this 17th day of April, 2017, I served Defendant Kelly Services, Inc.'s Answers to Plaintiff's First Set of Interrogatories Directed to Defendant Kelly Services, Inc. via E-mail to the following:

Marshall J. Burt, Esq.
The Burt Law Group, Ltd.
77 W. Washington, Ste 1300
Chicago, IL 60602
(312) 419-1999
marshall@mjburtlaw.com

Layla R. Sizemore

-6-

## SWORN SIGNATURE

STATE OF ILLINOIS       )
                                   )     ss.

COUNTY OF  WILL        )

     I, Jennifer Lammers, declare that I am presently authorized by Kelly Services, Inc., to make this verification on its behalf; I have read the foregoing responses to interrogatories. I am informed and believe, and on that ground allege, that the matters stated in it are true.

_Jennifer Lammers_
Jennifer Lammers

Subscribed and sworn to before me this 31ST day of May, 20 17.

_Dale Ann Kwasny_
NOTARY PUBLIC

My commission expires: 1-18-2020

OFFICIAL SEAL
DALE ANN KWASNY
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES
JANUARY 18, 2020

-7-

# EXHIBIT

# C

STATE OF ILLINOIS
DEPARTMENT OF EMPLOYMENT SECURITY
APPEALS DIVISION
BENEFIT APPEALS SUBDIVISION

```
                                    )
                                    )
                                    )
BRENDA BROWN                        )
CLAIMANT                            )      HEARING TRANSCRIPT
                                    )      DOCKET NO. 1629170
                                    )
                                    )
                                    )
KELLY SERVICES INC.                 )
EMPLOYER                            )
```

HEARING DATE:  September 9, 2016
        TIME:  10:00 a.m.
    LOCATION:  Chicago, Illinois
     REFEREE:  Mary Lou Zurawski


PARTICIPANTS

    Claimant:  Brenda Brown

    Employer:  Nancy Spisak, Employer Witness

1                              <u>Proceedings</u>

2     CL:  Hello?

3     REFEREE:  Hello, Ms. Brown?

4     CL:  Yes.

5     R:  Mary Lou Zurawski…

6     CL:  This is Bren…

7     R:  … with Unemployment. Are you ready for the hearing?

8     CL:  Yes, ma'am.

9     R:  Alright.  Please hold while I call the Employer.

10    (PERIOD OF SILENCE ON RECORDING)

11    R:  I'll first ask if you consent to the hearing being recorded

12    today.  Ms. Brown?

13    CL:  Yes.

14    R:  Ms. Spisak?

15    SPISAK:  Yes.

16    R:  I'll read some things into the record and then explain how the

17    hearing will be conducted.  This is a telephone hearing before the

18    Illinois Department of Employment Security Appeals Division in

19    Docket No. 1629170, being held on September 9, 2016 at 10:00 a.m.

20    before Administrative Law Judge Mary Lou Zurawski at Chicago,

21    Illinois.  This hearing is being recorded.  This is a legal

22    proceeding.  All testimony is under oath.  Please raise your right

23    hands.  Do you solemnly swear to tell the truth, the whole truth and

24    nothing but the truth?  Ms. Brown?

25    CL:  Yes.

26    R:  Ms. Spisak?

27    SPISAK:  Yes.

1    R:  Well, ma'am, I don't… don't need that for purposes today.  You

2    send me the one from…

3    CL:  Okay.

4    R:  … the Job Link and I broke it down week by week.  That's fine.

5    CL:  Yes.

6    R:  Okay.  But I'm just saying in the future what you want to do is

7    use your… a wor… a work search form or use the Illinois Job Link

8    form, but write on it this week, that week, okay?

9    CL:  Okay, I'll do that.

10   R:  And I do… I do have the work search that you submitted and it's

11   very extensive.  Alright.  Ms. Spisak, any questions?

12   SPISAK:  No questions.

13   R:  Ms. Spisak, was she discharged from her job there?

14   SPISAK:  Yes, she was.

15   R:  For what reason?

16   SPISAK:  Uh, lack of work.

17   CL:  Mmm.

18   R:  Lack of work or some other reason?

19   SPISAK:  Um, it was due to budget.  Lack of work.  We had to, uh,

20   let her go because of that in this… the… for this position, but we

21   did have other work available for her.

22   R:  What other work did you have?

23   SPISAK:  Uh, we did leave her a message for a company in Aurora.

24   R:  When?

25   SPISAK:  The date that we left her a message was… uh, just give me

26   one moment.  July 13th.

27   R:  Okay, I'm talking about on 7/1 was there work available?

1   SPISAK:  Let me check here.

2   R:  When you let her go was there another job available?

3   SPISAK:  That particular day, no.

4   R:  Okay.  And did she make a complaint to you about discrimination?

5   SPISAK:  She did.

6   R:  When?

7   SPISAK:  Uh, I'd have to get… I'm sorry, she did not make a

8   complaint to me, she reported it to our manager.  And she is

9   correct, we did have a meeting.  I don't know what the exact date

10  was, though.

11  R:  How long before July 1st?

12  SPISAK:  Um… I have to… I'm sorry, I thought you said the date was

13  between July 3rd and July 30th, so I have to get that date.  It was

14  probably about sometime in late June… mid- to late June that that

15  meeting took place.

16  R:  Ms. Brown, do you know what day the meeting was?

17  CL:  Yes, Your Honor.  (inaudible)

18  R:  While she's looking for that, Ms. Spisak, when you let her go

19  what did you tell her?

20  SPISAK:  I did not tell her, my manager did.

21  CL:  (inaudible)

22  SPISAK:  So I wasn't involved in that meeting.

23  R:  No, I'm sorry, when she was let go you didn't… you didn't tell

24  her she was let go?

25  SPISAK:  I did not.  Our…

26  R:  Oh.

27  SPISAK:  Our manager did.

CERTIFICATION

I hereby certify that I have transcribed a recording of the above proceedings held before Hearings Referee, Mary Lou Zurawski, on the 9th day of September 2016, pursuant to notice, at the office of the Department of Employment Security, Appeals Division at Chicago, Illinois.



Sheila A. Werner

NOTICE: SECTION 1900 OF THE UNEMPLOYMENT INSURANCE ACT READS, IN PART AS FOLLOWS: "INFORMATION OBTAINED FROM ANY INDIVIDUAL OR EMPLOYING UNIT PURSUANT TO THE ADMINISTRATION OF THIS ACT SHALL BE CONFIDENTIAL AND SHALL NOT BE PUBLISHED OR BE OPEN TO PUBLIC INSPECTION, NOR BE ADMISSIBLE IN EVIDENCE OF ANY ACTION OR PROCEEDING OTHER THAN ONE ARISING OUT OF THE PROVISIONS OF THIS ACT.

# EXHIBIT

# D

From: Brenda Brown BREB023@kellyservices.com
Subject: Email to Jennifer Lammers regarding current position
Date: Jun 24, 2016, 4:54:03 PM
To: brendabrown81@gmail.com

**From:** Brenda Brown
**Sent:** Friday, June 24, 2016 11:41 AM
**To:** Jennifer Lammers <LAMMEJL@kellyservices.com>
**Subject:** RE: Frankfort

Yes, I will.

Thanks,

Brenda

**From:** Jennifer Lammers
**Sent:** Friday, June 24, 2016 11:16 AM
**To:** Brenda Brown <BREB023@kellyservices.com>
**Subject:** RE: Frankfort

Good Morning.

Could you please give me a call to discuss this? I'm in Romeoville all day.

Thank you,

**Jennifer Lammers I Kelly Services I Sr. Branch Manager**
E-mail: Jennifer.lammers@kellyservices.com
Office: 815.407.0618 I Fax:815.407.0756
460B North Weber Rd, Romeoville, IL 60446

  Mobilize your job search.
kellyservices.com/kellyjobsapp

**From:** Brenda Brown
**Sent:** Friday, June 24, 2016 10:35 AM
**To:** Jennifer Lammers <LAMMEJL@kellyservices.com>
**Subject:** RE: Frankfort

Brown000022

Good morning Jennifer,

I thought that I would be able to chat with you for a few minutes, but it looks like I am not back in Romeoville until Tuesday. I apologize in advance because I know this is probably not the best time, due to everything going on, but I did tell you that I would let you know how I would like to move forward. I am NOT giving any type of notice because I am NOT quitting. I would really feel more comfortable in another role, like administrative, because things just aren't working out the way that I planned and it is affecting the way I interact with my daughter. I know that the next few weeks people are on vacation and it will be crazy around Romeoville/Franfort. I am asking to be considered for admin roles once everyone's schedule is back stable so that there is enough people in the office during other's absence. If Kelly is unable to find a position for me then I ask that you understand that I start to seek employment elsewhere. I am NOT QUITTING this position, I AM NOT GIVING A TWO WEEKS NOTICE, NEITHER am I interviewing anywhere else.

Please let me know if you would like to discuss this further.

Respectfully,

Brenda

**From:** Brenda Brown
**Sent:** Monday, June 20, 2016 10:05 AM
**To:** Jennifer Lammers <LAMMEJL@kellyservices.com>
**Subject:** RE: Frankfort

Ok. I will let you know by the EOD.

Thank you very much for listening and I know that things will work out one way or another!

Brenda

**From:** Jennifer Lammers
**Sent:** Monday, June 20, 2016 9:41 AM
**To:** Brenda Brown <BREB023@kellyservices.com>
**Subject:** Frankfort

Brenda-

Brown000023

Let me know if you think Frankfort would be good 1-2 days a week to get extra training. I think that's a great idea when we don't have people on vacation, etc.

I appreciate you talking about your concerns and we'll get them all worked out!!!!

**Jennifer Lammers I Kelly Services I Sr. Branch Manager**
E-mail: jennifer.lammers@kellyservices.com
Office: 815.407.0618 I Fax:815.407.0756
460B North Weber Rd. Romeoville, IL 60446



Mobilize your job search.
kellyservices.com/kellyjobsapp

Brown000024

# EXHIBIT

# E

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BRENDA BROWN, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 1:16-cv-11152 |
| | ) |
| v. | ) Judge Marvin E. Aspen |
| | ) |
| KELLY SERVICES, INC, | ) Magistrate Judge Sheila M. Finnegan |
| | ) |
| Defendant. | ) |

### DEFENDANT, KELLY SERVICES, INC.'S
### RULE 26(a)(1) INITIAL DISCLOSURES

NOW COMES Defendant, KELLY SERVICES, INC. ("Kelly"), by and through its attorneys, POTTER, DeAGOSTINO, O'DEA & PATTERSON, and hereby submits the following disclosures pursuant to Fed.R.Civ.P. 26(a)(1). Defendant Kelly will supplement these disclosures in discovery responses.

### Rule 26(a)(1)(A)(I)

**Defendant Kelly identifies the following witnesses and to the extent known, the address and telephone number of each witness, that is likely to have discoverable information.**

1.     Brenda Brown, Plaintiff, care of Marshall J. Burt, Esq., 77 W. Washington, Suite 1300, Chicago, Illinois 60602.

2.     Any and all representatives, agents, record custodians, employees and former employees of Kelly Services, Inc., care of Steven M. Potter, Esq., 2701 Cambridge Court, Suite 223, Auburn Hills, Michigan 48326, that have knowledge regarding Plaintiff's employment with Kelly Services, Inc., including but not limited to:

        a.     Jennifer Lammers

        b.     Nancy Spisak

        c.     Michelle Wedig

POTTER, DeAGOSTINO, O'DEA & PATTERSON

        d.      Beth McGowan

        e.      Irma Echeverria

        f.      Tom Rusnak

3.     Any and all witnesses identified by Plaintiff.

Defendant Kelly reserves the right to amend this disclosure at any time prior to trial.

### Rule 26(a)(1)(A)(ii)

**Defendant Kelly identifies the following descriptions of all documents, data compilations and tangible things in the possession, custody or control of Defendant which are relevant to disputed facts alleged with particularity in the pleadings.**

1.     Any and all documents contained in personnel file, including but not limited to:

        a.      Brenda Brown's Employment Application(s)

        b.      eRegistration Form

        c.      New Health Insurance Marketplace Coverage Options Form

        d.      Background Screening Disclosure for Investigative Consumer Reports

        e.      Background Screening Disclosure

        f.      Background Screening Authorization

        g.      Release and Consent for Drug Screening

        h.      Dispute Resolution and Mutual Agreement to Binding Arbitration

        i.      Acknowledgment of Privacy Statement

        j.      (W-4) Employee's Withholding Allowance Certificate

        k.      Criminal Behavior Disclosure

2.     Any and all KSN screenshots regarding Brenda Brown

POTTER, DeAGOSTINO, O'DEA & PATTERSON

3.      Any and all time cards regarding Brenda Brown

4.      Any and all payroll activity reports regarding Brenda Brown

5.      Direct deposit slips regarding Brenda Brown

6.      Kelly Services, Inc. Employee Handbook

7.      Kelly Services, Inc. Anti-Harassment Policy

8.      Kelly Services, Inc. Family and Medical Leave Act Policy

9.      Kelly Services, Inc. Equal Employment Opportunity and Affirmative Action Policy

10.     EEOC Notice of Charge of Discrimination dated September 30, 2016

11.     Any and all non-privileged correspondence regarding Brenda Brown

12.     Any and all documents identified by Plaintiff

Defendant Kelly reserves the right to amend the list of exhibits and other documents and tangible evidence at any time before trial.

## Rule 26(a)(1)(A)(iii)

**A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material on which such computation is based.**

Not applicable.

## Rule 26(a)(1)(A)(iv)

**For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

None.

## Rule 26(a)(2)(A)-(D)

**Disclosure of Expert Testimony.**

No experts have been retained at this time.  This disclosure may be supplemented at a later date.

Respectfully submitted,

POTTER, DeAGOSTINO, O'DEA & PATTERSON
STEVEN M. POTTER
RICK J. PATTERSON
Attorneys for Defendant Kelly Services, Inc.
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
t: (248) 377-1700/f: (248) 377-0051
spotter@potterlaw.com
rjpatterson@potterlaw.com

Dated: March 13, 2017

## CERTIFICATE OF SERVICE

I hereby certify that this 13th day of March, 2017, I served Defendant Kelly Services, Inc.'s Fed. R. Civ. P. 26(a)(1) Initial Disclosures via E-mail and USPS first class mail to the following:

The Burt Law Group, Ltd.
Marshall J. Burt, Esq.
77 W. Washington, Ste 1300
Chicago, IL 60602
(312) 419-1999
marshall@mjburtlaw.com
*Attorneys for Plaintiff*

Layla R. Sizemore

POTTER, DeAGOSTINO, O'DEA & PATTERSON

# EXHIBIT

# F

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|                          |   |                                            |
|--------------------------|---|--------------------------------------------|
| BRENDA BROWN,            | ) |                                            |
|                          | ) |                                            |
| Plaintiff,               | ) | Civil Action No.: 1:16-cv-11152            |
|                          | ) |                                            |
| v.                       | ) | Judge Marvin E. Aspen                      |
|                          | ) |                                            |
| KELLY SERVICES, INC,     | ) | Magistrate Judge Sheila M. Finnegan        |
|                          | ) |                                            |
| Defendant.               | ) |                                            |

### DEFENDANT, KELLY SERVICES, INC.'S SUPPLEMENTAL
### RULE 26(a)(1) INITIAL DISCLOSURES REGARDING WITNESSES

NOW COMES Defendant, KELLY SERVICES, INC. ("Kelly"), by and through its attorneys, POTTER, DeAGOSTINO, O'DEA & PATTERSON, and hereby submits the following disclosures pursuant to Fed.R.Civ.P. 26(a)(1). Defendant Kelly will supplement these disclosures in discovery responses.

### Rule 26(a)(1)(A)(I)

**Defendant Kelly identifies the following witnesses and to the extent known, the address and telephone number of each witness, that is likely to have discoverable information.**

1.      Brenda Brown, Plaintiff, c/o Marshall J. Burt, Esq., 77 W. Washington, Suite 1300, Chicago, Illinois 60602. Defendant believes Plaintiff has knowledge regarding her employment with Kelly Services, Inc., and the allegations contained in her Complaint.

2.      Any and all representatives, agents, record custodians, employees and former employees of Kelly Services, Inc., care of Steven M. Potter, Esq., 2701 Cambridge Court, Suite 223, Auburn Hills, Michigan 48326, that have knowledge regarding Plaintiff's employment with Kelly Services, Inc., including but not limited to:

*POTTER, DeAGOSTINO, O'DEA & PATTERSON*

1

a.    Jennifer Lammers, Senior Branch Manager/ Plaintiff's Supervisor. Defendant believes Lammers has knowledge regarding the policies and practices of Kelly Services, Inc., Plaintiff's employment and In-House Temporary assignment at Kelly's Romeoville Branch, and subsequent offers of assignments.

b.    Nancy Spisak, Staffing Supervisor/ Recruiter. Defendant believes Spisak has information regarding the duties of a Staffing Supervisor/Recruiter.

c.    Jennifer Conyers, Staffing Supervisor/ Recruiter. Defendant believes Spisak has information regarding the duties of a Staffing Supervisor/Recruiter.

d.    Beth McGowan, Staffing Supervisor. Defendant believes McGowan has information regarding the duties of a Staffing Supervisor and Plaintiff's communication with Kelly regarding her availability.

e.    Irma Echeverria, Staffing Supervisor. Defendant believes Echeverria has information regarding the duties of a Staffing Supervisor and offering Plaintiff assignments after Plaintiff's assignment at the Romeoville Branch ended.

g.    Tom Rusnak, Staffing Supervisor. Defendant believes Rusnak has information regarding Plaintiff's communication with Kelly regarding her availability.

h.    Brad Beckner, Vice President Territory. Defendant believes Beckner has information regarding the reason for ending Plaintiff's assignment as an In-House Temporary Recruiter at the Romeoville Branch.

i.    Tammy Hink, Vice President Territory. Defendant believes Hink has information regarding the reason for ending Plaintiff's assignment as an In-House Temporary Recruiter at the Romeoville Branch.

POTTER, DeAGOSTINO, O'DEA & PATTERSON

2

j. Kevin Zarlengo, Branch Manager. Defendant believes Zarlengo has information regarding offering Plaintiff assignments after Plaintiff's assignment at the Romeoville Branch ended.

k. Jason Dehn. Defendant believes Dehn has information regarding his in-house temporary assignment ending approximately July 2016 due to legitimate business reasons.

l. Bryan Ramirez. Defendant believes Ramirez has information regarding his in-house temporary assignment ending approximately July 2016 due to legitimate business reasons.

3. Any and all witnesses identified by Plaintiff.

Defendant Kelly reserves the right to amend this disclosure at any time prior to trial.

Respectfully submitted,

POTTER, DeAGOSTINO, O'DEA & PATTERSON
STEVEN M. POTTER *(Admitted Pro Hac Vice)*
RICK J. PATTERSON *(Admitted Pro Hac Vice)*
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
t: (248) 377-1700/f: (248) 377-0051
spotter@potterlaw.com
rjpatterson@potterlaw.com

-and-

s/ANGELA M. SEKERKA
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
Attorney for Defendant
55 West Monroe Street - Suite 3800
Chicago, IL 60603-5001
312.821.6171 (Direct)
312.704.0550 (Main)
312.704.1522 (Fax)
angela.sekerka@wilsonelser.com

Dated: May 17, 2017

3

## CERTIFICATE OF SERVICE

I hereby certify that this 18th day of May, 2017, I served Defendant Kelly Services, Inc.'s Supplemental Fed. R. Civ. P. 26(a)(1) Initial Disclosures as to witnesses via e-mail only to the following:

The Burt Law Group, Ltd.
Marshall J. Burt, Esq.
77 W. Washington, Ste 1300
Chicago, IL 60602
(312) 419-1999
marshall@mjburtlaw.com
*Attorney for Plaintiff*

Rick J. Patterson
*Attorney for Def. Kelly Services, Inc.*

POTTER, DeAGOSTINO, O'DEA & PATTERSON

4

# EXHIBIT

# G

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:16-cv-11152 |
| | ) | |
| v. | ) | Judge Marvin E. Aspen |
| | ) | |
| KELLY SERVICES, INC, | ) | Magistrate Judge Sheila M. Finnegan |
| | ) | |
| Defendant. | ) | |

**DEFENDANT KELLY SERVICES, INC.'S RESPONSES TO PLAINTIFF'S
FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS DIRECTED
TO THE DEFENDANT KELLY SERVICES, INC.**

COMES NOW Defendant KELLY SERVICES, INC., by and through undersigned counsel, and submits the following as its Response to Plaintiff's Request for Production of Documents.

### RESERVATION OF RIGHTS WITH REGARD TO RESPONSES

A.     The following responses represent the best information ascertained by KELLY and are based upon information obtained from records, files and individuals within its possession, custody, control or employ. KELLY reserves the right at any time to revise, correct, add to or clarify any of the responses provided herein.

B.     The responses provided herein are subject to the right of KELLY to object on any ground, at any time, to a demand for further response to these or other interrogatories, or other discovery procedures involving or relating to the subject matter of the interrogatories herein.

C.     By responding to these discovery requests, KELLY does not concede the relevancy or admissibility of the information provided.

### GENERAL OBJECTIONS

A.     The following objections and conditions qualify each and every response which has an objection provided by KELLY and are incorporated by referenced into each and every one of those responses, as if set forth fully therein.

B.     KELLY objects to, and does not agree to be bound by, the definitions contained in

-1-

Romeoville Location, including meeting notes and any investigation notes and reports.

**ANSWER:** Defendant objects to the term "treatment" for the reason that it is vague and ambiguous. Without waiving said objection, please see attached KDP 122.

21.     All documents reflecting the race of job applicants seeking job placement services at the Romeoville Location on a monthly basis (or other period next closest to a monthly basis maintained by the Defendant) from January 1, 2015 up to the present.

**ANSWER:** Defendant objects to this Request for the reason that it is overly broad in temporal scope. Defendant further objects to the form of this Request for the reason that it presumes an applicant's race is identified during the application process. Without waving said objection, no such documents exist.

22.     All documents reflecting the placement of candidates by race seeking job placement services at the Romeoville Location on a monthly basis (or other period next closest to a monthly basis maintained by the Defendant) from January 1, 2015 up to the present.

**ANSWER:** Defendant objects to this Request for the reason that it is overly broad in temporal scope. Defendant further objects to the form of this Request for the reason that it presumes an applicant's race is identified during the application process. Defendant further objects for the reason that this Request seeks information regarding persons whom are not a party to this litigation. Without waving said objection, no such documents exist.

23.     All documents concerning the reason(s) for ending the Plaintiff's assignment at the Romeoville Location.

**ANSWER:** Defendant is not aware of any responsive documents. To the extent responsive documents are located, Defendant will supplement its Response.

24.     All documents reflecting the reasons for terminating any other employee at the Kelly Romeoville Location from January 1, 2015 up to the present.

-6-

POTTER, DeAGOSTINO, O'DEA & PATTERSON

**ANSWER:** No responsive documents exist.

25. All documents concerning the termination of assignment of any employee employed by Defendant holding the same job title as the Plaintiff from January 1, 2015 up to the present.

**ANSWER: Defendant objects to this Request for the reason that it is vague, overly broad, and unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Defendant further objects to this Request for the reason that it seeks information regarding Kelly employees that are not a party to this litigation. Without waiving said objections, no responsive documents exist regarding recruiters placed at the Kelly Romeoville location.**

26. Documents concerning disciplinary action, including verbal or written warnings, performance improvement plans, suspensions with or without pay and terminations taken against any employee working at the Romeoville Location where the plaintiff was assigned from January 1, 2015 up to the present.

**ANSWER:** No responsive documents exist.

27. All documents reflecting the hiring of any person having the same job title as the Plaintiff from July 1, 2016 up to the present.

**ANSWER:** No responsive documents exist.

28. All documents concerning communications with the Plaintiff offering her assignments following the end of her assignment at the Romeoville location.

**ANSWER: Please see attached KDP 68-81 and 157-158.**

29. All documents concerning the Plaintiff's refusal to accept any assignment following the end of her assignment at the Romeoville location.

**ANSWER: Please see attached KDP 73-74 and 157-158.**

-7-

POTTER, DeAGOSTINO, O'DEA & PATTERSON

## CERTIFICATE OF SERVICE

I hereby certify that this 17th day of April, 2017, I served Defendant Kelly Services, Inc.'s Responses to Plaintiff's First Request for Production of Documents Directed to Defendant Kelly Services, Inc. via E-mail to the following:

Marshall J. Burt, Esq.
The Burt Law Group, Ltd.
77 W. Washington, Ste 1300
Chicago, IL 60602
(312) 419-1999
marshall@mjburtlaw.com

Layla R. Sizemore

POTTER, DeAGOSTINO, O'DEA & PATTERSON

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of this filing to the following attorneys of record:

Steven Potter
Rick Patterson
Potter, DeAgostino, O'Dea & Patterson
2701 Cambridge Court #223
Auburn Hills, MI 48326

Angela McManus Sekerka
Erin Kathleen Schreiber
Wilson, Elser
55 W. Monroe St., Ste 3800
Chicago, IL 60603

/s/ Marshall J. Burt