IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 16-cv-11152 |
| vs. | ) | |
| | ) | |
| KELLY SERVICES, INC. | ) | Judge Marvin E. Aspen |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO THE DEFENDANT'S MOTION TO
SET A DISPOSITIVE MOTION FILING DEADLINE OR, IN THE
ALTERNATIVE, DEEM SUMMARY JUDGMENT MOTION TIMELY**

Defendant Kelly Services, Inc. filed an untimely summary judgment motion without leave of Court or even noticing it for hearing. In her response to that Motion, Plaintiff Brenda Brown pointed out that the Defendant's motion violated the time requirements under FED. R. CIV. P. 56(b) and argued for its dismissal. The Defendant has now filed another motion (also without a notice of presentment) asking this Court to ignore its transgression of the federal rules and simply deem the summary judgment motion as timely. Fed.R.Civ.P. 6(b)(1)(b) requires the Defendant to show excusable neglect when seeking to file its summary judgment motion after the original time expired. The Defendant, however, offers no reasonable excuse for failing to comply with the plain language of Rule 56(b). In the absence of showing excusable neglect, the Defendant's motion for leave to file its untimely summary judgment motion must be denied.

The Defendant acknowledges that no order was set by this Court for the filing of the summary judgment motion. [Def. Mt Par 3] It, however, never explains why Rule 56(b) requiring summary judgment motions to be filed within 30 days after the close of discovery

1

would not govern. Ignoring the requirements of Rule 56(b), the Defendant asserts that it was under the belief during the August 24, 20167 status that the Court would set the dispositive motion schedule at the December 14, 2017 status. The Defendant's position is disingenuous. Nothing at the August 24th status would have allowed the Defendant to believe the Court would set a dispositive motion schedule three months later in December. Indeed, the Court made it clear on August 24th that the purpose of the December 14th status date was to set a trial date very soon thereafter. If the Defendant was truly intending on filing a summary judgment motion at that time, it should had raised the issue at the August 24th status. But, as the Defendant concedes, there was absolutely no discussion regarding dispositive motions at the August 24th status. [Def. Motion Par. 5] Instead, Defendant sat silent as the Court discussed the submission of the trial materials and its intention to set a trial date.

Even if the Defendant somehow believed the Court would set the dispositive motion schedule three months later in December, that unfounded belief is no excuse for ignoring the requirements of Rule 56(b) or to timely seek an extension of that deadline under Rule 6(b). The excusable neglect standard can never be met by an unaccountable lapse in following the plain language of the federal procedural rules. *Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 133-34 (7th Cir. 1995), *citing, In re Cosmopolitan Aviation Corp.,* 763 F.2d 507, 515 (2d Cir. 1985)

The Defendant now attempts to excuse its delay in filing the summary judgment motion on the need to obtain the deposition transcripts of Kelly employees. [Def Motion Par. 13] According to Defendant, its counsel was unaware that the deposition transcripts were not prepared until the last part of August. [Def Motion Par. 14] The Defendant's position underscores its complete lack of diligence in complying with the filing requirements of Rule 56.

2

Summary judgment motions by necessity rely extensively on deposition transcripts and this case is no exception as the Defendant admits. [Def. Motion Par. 13] However, the Defendant claims it was not aware that the transcripts were not prepared until the end of August. [Id Par 14] This means the Defendant could not have possibly begun preparing its summary judgment submissions until the end of August, despite the August 31, 2017 filing deadline set by Rule 56(b). Defendant offers no information as to what it had done to comply with Rule 56(b) during the first twenty-five days of August after discovery ended. A party cannot sit on its hands doing nothing and then argue its failure to meet a deadline is excusable. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 607 (7th Cir. 2006)(Attempt to file untimely summary judgment response denied where record showed no effort to begin preparing response in a timely manner)

Defendant next argues that the Plaintiff never objected to the summary judgment motion at the time it was filed. Defendant, however, never presented the motion for hearing as required by LR 5.3(b) so there was nothing properly before the Court to object to. When the Court ordered, *sue sponte,* a response to the Motion, Plaintiff responded by not only objecting to the summary judgment motion as untimely but alternatively objected to the motion substantively.

The Defendant also claims Plaintiff will not be prejudiced by the filing of the untimely motion. The Plaintiff, however, has been prejudiced by the fact it had to respond at all to an untimely and meritless summary judgment motion while also preparing the trial materials required by the Court. Similarly, the untimely motion threatens to delay the setting of a trial date and interferes with the Court's management of its own calendar.

The Defendant, on the other hand, will suffer no prejudice by denying it leave to file an untimely summary judgment motion. Indeed, unlike the parties in *Wienco, Inc. v. Katahn*

*Associates*, 965 F.2d 565 (7th Cir. 1992) and <u>Raymond v. Ameritech Corp.</u>, 442 F.3d 600 (7th Cir. 2006) where untimely summary judgment responses resulted in the admission of the movant's factual statements, the Defendant here can still present its case to the jury at trial. Indeed, the only effect arising from the denial of the Defendant's motion will be the inability for it to pursue a summary adjudication of the Plaintiff's claims offered by Rule 56. However, since the parties have already submitted their trial materials, a summary adjudication is now irrelevant.

CONCLUSION

For the foregoing reasons, the Court must deny the Defendant's Motion to Set a Dispositive Motion Filing Deadline Or, in the Alternative, Deem Summary Judgment Motion Timely and to grant the Plaintiff such further relief the court deems appropriate under the circumstances.

Respectfully submitted,

BRENDA BROWN

By:<u>/s/ *Marshall J. Burt*</u>
Her attorney

Marshall J. Burt, Esq.
The Burt Law Group, Ltd.
77 West Washington Street
Suite 1300
Chicago, IL 60602
(312) 419-1999
marshall@mjburtlaw.com

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 31, 2017, I electronically filed the foregoing document with the

Clerk of Court using the CM/ECF system which will send notification of this filing to the following

attorneys of record:

Steven Potter
Rick Patterson
Potter, DeAgostino, O'Dea & Patterson
2701 Cambridge Court #223
Auburn Hills, MI 48326

Angela McManus Sekerka
Erin Kathleen Schreiber
Wilson, Elser
55 W. Monroe St., Ste 3800
Chicago, IL 60603

/s/ Marshall J. Burt

5