IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRENDA BROWN, | ) |
| Plaintiff, | ) Civil Action No.: 1:16-cv-11152 |
| v. | ) Judge Marvin E. Aspen |
| KELLY SERVICES, INC, | ) Magistrate Judge Sheila M. Finnegan |
| Defendant. | ) |

### REPLY BRIEF IN SUPPORT OF
### DEFENDANT'S MOTION TO SET DISPOSITIVE MOTION FILING DEADLINE OR, IN THE ALTERNATIVE, DEEM SUMMARY JUDGMENT MOTION TIMELY

Plaintiff's response ignores counsels' prior discussion about setting a dispositive motion deadline during the Rule 26 conference held in February 2017 (Defendant's Exhibit B to Motion, February 24, 2017 email from Marshall Burt) to assert that defense counsel had no reason to believe a dispositive motion deadline would be set in this matter. The issue of establishing a deadline was discussed between counsel but was never set by the Court. It was counsel's belief that the Court would set a deadline to address the subject previously discussed between counsel. As a result, he did not believe that the deadline of Rule 56(b) would control in this matter. Plaintiff's counsel's contention that he was unaware of Defendant's intention to file a motion for summary judgment because it was not raised at the August 24th status conference is also untenable because his own email indicates he was aware of the intention to file a dispositive motion six months prior to the August

24th conference. The undersigned acknowledged in Defendant's motion that absent a date set by this Court the deadline of Rule 56(b) would apply, which is why the instant Motion was filed.

Plaintiff's Response fails to acknowledge the Supreme Court's holding that the determination of excusable neglect is an equitable one and nowhere discusses the circumstances to be considered under *Pioneer Investment Services Co v Brunswick Associates Limited Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993). Instead, Plaintiff cites *Prizevoits v Ind. Bell Tel. Co.*, 76 F.3d 132 (7th Cir. 1995), to assert that Defendant's Motion should be denied. First, *Prizevoits* involved a request to extend a deadline under Rule 59(e). The court noted that Rule 56(b)(2) precludes any extension of time of deadlines for specific rules, including Rule 59(e), so the court lacked the power to grant an extension. Second, the court was critical of the fact that the party seeking the extension filed a motion for the extension to file a Rule 59(e) motion but did not file the Rule 59(e) motion. Here, Defendant's Summary Judgment Motion and is fully briefed. Defendant submits that, unlike *Prizevoits*, this case does not involve a failure to read the federal rules. The timing of the filing of the summary judgment motion was the result of counsel's belief, albeit mistaken, that the Court would set a dispositive motion deadline since the issue was previously discussed between counsel. Moreover, the reason for the delay is only one factor in the analysis of excusable neglect under *Pioneer Investment Services*, not the only factor.

Plaintiff next asserts that counsel's failure to obtain deposition transcripts for the Kelly employees earlier shows a lack of diligence. The argument is based on a false premise because it assumes counsel was proceeding under the belief that the summary judgment motion was due in accordance with Rule 56(b). As already explained, the undersigned believed the Court would set a deadline date and was not operating under the belief the deadline was August 31, 2017. Thus, the

timing of when the transcripts were sought has nothing to do with a lack of diligence to comply with Rule 56(b). In addition, counsel's email from August 29th, attached as Exhibit A to Defendant's Motion, references counsels' prior discussion about the filing of a dispositive motion and indicates that counsel looked for the transcripts a few weeks prior, which would be around August 15th. Tammy Hink's deposition was taken on August 1st. Defendant submits that looking for a transcript two weeks after it was taken does not show a lack of diligence that would support the denial of Defendant's Motion.

Plaintiff next claims she has been prejudiced by responding to the motion and preparing trial materials required by the Court. The claim that Plaintiff has been forced to engage in trial preparation as a result of the delay is simply incorrect. The Court's orders regarding trial materials pre-date the deadline for filing a summary judgment motion under Rule 56(b). The proposed pretrial order submitted in August was pursuant to an Order entered in April (Dkt # 31). Similarly, the submission of jury instructions, voir dire, verdict forms, and a statement of the law were pursuant to the Court's August 28th Order (Dkt # 39), also prior to the Rule 56(b) deadline. The delay in filing the dispositive motion from August 31 to September 18 had no impact on the trial materials that have been prepared and cannot be considered prejudicial to the Plaintiff. The 18 day delay should not result in a delay of this matter. The motion was fully briefed on October 27, 2017 and no trial date has been set in this matter.

The potential prejudice in this matter relates to the judicial economy of addressing Defendant's Motion on its merits. Plaintiff's retaliation claim requires notice of the protected activity by the individual making the adverse employment decision because absent such knowledge there can be no intent to retaliate. *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 668–669 (7th


Cir.2006). The motion is fully brief and may resolve this matter without the need for trial preparation by the parties and tying up the Court to conduct an unnecessary trial.

As held by the Supreme Court in *Pioneer Investment Services Co.*, the issue of excusable neglect is an equitable one and Defendant submits that counsel at all times acted in good faith, that the 18 day delay in the filing of the Motion does not prejudice Plaintiff, and should not impact the judicial proceedings.

WHEREFORE, Defendant respectfully requests that this Honorable Court grant this Motion and set a deadline for the filing of dispositive motions. In the alternative, if the Court believes the deadline set forth in Rule 56(b) applies in this case, Defendant respectfully requests that the Court extend the deadline for filing dispositive motions 18 days to the date Defendant's Motion was filed. Dated this 1st day of December, 2017.

/s/Rick J. Patterson
Rick J. Patterson (Pro Hac Vice)
POTTER, DeAGOSTINO, O'DEA & PATTERSON
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
248.377.1700 p . 248.377.0051 f
rjpatterson@potterlaw.com

/s/Angela M. Sekerka
Angela M. Sekerka
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603-5016
312.704.0550 p / 312.704.1522 f
angela.sekerka@wilsonelser.com
ATTORNEYS FOR DEFENDANT KELLY SERVICES, INC.

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on December 1, 2017, he caused the foregoing pleading to be filed with the court by electronic filing protocols using the CM/ECF system, and that a copy of the same will therefore be electronically served upon all attorneys of record registered with the court's CM/ECF system.

/s/RICK J. PATTERSON