UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16 C 11152 |
| | ) | Hon. Marvin E. Aspen |
| KELLY SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Marvin E. Aspen, District Judge:

Presently before us is Defendant Kelly Services, Inc.'s ("Kelly") motion for summary judgment. (Def. SJ Mot. (Dkt. No. 40).) Also pending is Defendant's motion to set a dispositive motion filing deadline or, in the alternative, deem its summary judgment motion timely. (Def. Deadline Mot. (Dkt. No. 57).) For the following reasons, we deny Defendant's motion to deem its summary judgment motion timely and strike Defendant's motion for summary judgment.

**BACKGROUND**

Plaintiff Brenda Brown started working for Defendant as an in-office recruiter on May 9, 2016 in Defendant's Romeoville branch office. (Def. Statement of Uncontested Facts ("SOF") (Dkt. No. 40) ¶ 5.) On June 20, 2016, Plaintiff met with Jennifer Lammers, the manager of the Romeoville branch office, and expressed concerns about a coworker discriminating against African American applicants. (*Id.* ¶¶ 24–25.) On June 28, 2016, Lammers told Plaintiff she was being let go due to business needs. (*Id.* ¶ 29.) Plaintiff's last day working at Kelly was July 1, 2016. (Pl. SOF (Dkt. No. 54) ¶ 37.) Plaintiff subsequently filed the instant action alleging Defendant terminated her in retaliation for her complaints of racial

discrimination in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981. (Compl. (Dkt. No. 1) ¶ 1.)

On September 18, 2017, Defendant filed a motion for summary judgment, 48 days after the close of discovery, and after the parties filed their proposed pretrial order in compliance with our April 20, 2017 scheduling order.[1] (Dkt. No. 31 (ordering discovery closed on August 1, 2017).) Plaintiff filed a memorandum in opposition to Defendant's motion for summary judgment, raising objections to Defendant's substantive arguments. (Pl. SJ Resp. (Dkt. No. 55).) Plaintiff also argued Defendant's motion for summary judgment should be denied as untimely under Federal Rule of Civil Procedure 56(b) and asked for sanctions in the form of attorney's fees expended in responding to Defendant's motion. (*Id.* at 6–7.) On October 27, 2017, Defendant filed a motion to set a dispositive motion filing deadline or in the alternative requesting we deem its summary judgment motion timely. (Def. Deadline Mot.)

## ANALYSIS

### I. Defendant's Motion to Deem Summary Judgment Motion Timely

We first consider the timeliness of Defendant's summary judgment motion. Under Federal Rule of Civil Procedure 56(b), "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." No local rule in this district modifies the 30-day deadline, and Defendant admits we never entered an order that would supersede the deadline provided by Rule 56(b). (Def. Deadline Reply (Dkt. No. 63) at 1.) Accordingly, all motions for summary

---

[1] Plaintiff correctly indicates Defendant failed to file a notice of presentment for both outstanding motions as required by Local Rule 5.3. (Pl. Deadline Resp. (Dkt. No. 60) at 1.) Defendant's failure to notice its motions provides independent ground for us to deny both motions. LR 78.2 ("Where the moving party . . . delivers a motion . . . without the notice required by LR 5.3(b) and fails to serve notice of a date of presentment within 14 days of delivering the copy of the motion or objection to the court as provided by LR 5.4, the court may on its own initiative deny the motion . . . .").

judgment were due 30 days after the close of discovery.  Discovery closed on August 1, 2017, and any summary judgment motion should have been filed by August 31, 2017.  Defendant's motion for summary judgment was thus filed 18 days late, and Defendant never moved for an extension within the time allowed.

Defendant nevertheless asks us to extend the deadline for summary judgment motions retroactively to September 18, 2017, which would render Defendant's motion for summary judgment timely.  Where a deadline has already passed, Federal Rule of Civil Procedure 6(b)(1)(B) allows for extension of time only upon a showing that "the party failed to act because of excusable neglect."  *See also Stewart v. Wall*, 688 F. App'x 390, 394 (7th Cir. 2017) (providing that when a party requests an extension of a summary judgment deadline after time has expired, courts have discretion to extend time for excusable neglect); *Knapp v. Evgeros, Inc.*, 205 F. Supp. 3d 946, 951 (N.D. Ill. 2016) ("[T]he court should deny the motion [under Rule 6(b)(1)(B)] unless the movant can show that her failure to meet the deadline was the result of "excusable neglect.").  The existence of excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's omission," including (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact of judicial proceedings; (3) the reason for delay, including whether it was within the control of the movant; and (4) whether the movant acted in good faith.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993) (interpreting a parallel provision of the Federal Rules of Bankruptcy Procedure); *see also Flint v. City of Belvidere*, 791 F.3d 764, 769 (7th Cir. 2015) (holding *Pioneer* governs interpretation of "excusable neglect" when it appears in the Federal Rules of Civil Procedure); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) (same).  "[A] lawyer's errors are imputed to the client for the

purpose of [excusable neglect]." *Moje v. Fed. Hockey League, LLC*, 792 F.3d 756, 758 (7th Cir. 2015).

Defendant argues that its late filing should be excused for two reasons: (1) at the end of August, 2017, Defendant had not obtained needed deposition transcripts, and (2) Defendant believed we would address the dispositive motion deadline at the next status hearing. (Def. Deadline Mot. ¶¶ 7, 13.) Defendant further argues that the 18-day delay will neither prejudice Plaintiff nor interfere with judicial proceedings. (*Id.* ¶ 18.) However, Defendant has not demonstrated sufficient justification for its late request to meet the high bar of excusable neglect necessary to justify extension of the passed deadline under the *Pioneer* factors.

We first consider the cause of the delay. *Satkar Hosp., Inc. v. Fox Television Holdings*, 767 F.3d 701, 707 (7th Cir. 2014) ("Most important is the reason for the delay."). In this instance, Defendant knew two days before the August 31, 2017 deadline that it did not have needed deposition transcripts and could have filed a motion requesting an extension at that time. *Flint*, 791 F.3d at 768 ("Neglect is generally not excusable when a party should have acted before the deadline . . . ."). Defendant's neglect is thus not excusable because Defense counsel "could and should have moved for an extension" between August 29 and August 31 to preserve its right to file a summary judgment motion. *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014); *see also Johnson v. Gudmundsson*, 35 F.3d 1104, 1111 (7th Cir. 1994) ("[C]ounsel's family problems almost certainly would have been justification for an extension of filing deadlines, if sought prospectively. None of counsel's proffered explanations, however, amounted to a special emergency that excused his failure to notify the court . . . of his predicament and to ask leave of the court for additional time . . . ."); *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir. 1984) (finding no excusable neglect when counsel failed to request an extension as soon as counsel learned they could not locate nonparty witnesses). Defense counsel

4

has failed to offer any reason why he could not have requested an extension before the deadline expired. While Defense counsel communicated his difficulty in obtaining deposition transcripts to Plaintiff, this does not excuse the late filing as the deadline could only be extended by court order. (Def. Deadline Mot., Ex. A.)

The reason for the delay also falls within control of Defense counsel, who should have investigated the status of the missing deposition transcripts more than two days before the deadline for filing its motion. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 607 (7th Cir. 2006) (finding counsel's failure to prepare summary judgment earlier despite having "amply time" inexcusable); *Knapp v. Evgeros, Inc.*, 205 F. Supp. 3d 946, 951 (N.D. Ill. 2016) (finding no excusable neglect where an attorney found errors in original memorandum because the attorney "simply took too long to notice the mistakes in her original filings"). Further, Defense counsel cannot rely on a misunderstanding of the deadlines prescribed in Rule 56(b), as excusable neglect can "never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules." *Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 133 (7th Cir. 1996) (citing *In re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 515 (2d Cir. 1985)). Rule 56(b) clearly establishes the 30-day deadline that applies consistently to all litigation in federal court; the rule at issue is not subject to reasonable misunderstanding. *Cf. Pioneer Inv. Servs. Co.*, 507 U.S. at 398, 113 S. Ct. at 1499 (finding significant in excusable neglect analysis that the deadline at issue was "outside the ordinary course in bankruptcy cases").

The substantial delay in Defendant's filings further weighs against finding excusable neglect. *Postle v. Bath & Body Works, LLC*, No. 13 C 50374, 2015 WL 521365, at *4 (N.D. Ill. Feb. 9, 2015) ("The length of the delay weighs against granting the Motion."). Defendant missed the summary judgment filing deadline by two and a half weeks and did not file the motion for an extension until more than two months after that deadline had passed. *Knapp*,

205 F. Supp. 3d at 952 (finding no excusable neglect after attorney waited five days to file corrected brief); *Peters v. Wal-Mart Stores E., LP*, 512 F. App'x 622, 628 (7th Cir. 2013) ("[C]ounsel inexplicably waited nearly three weeks to seek permission for the late filing, thus undermining any claim of good-faith mistake."); *Postle*, 2015 WL 521365, at *4 (finding response filed two weeks late to be inexcusable). Further, the motion was not filed until after pretrial material had been filed, and after we indicated we would set a trial date at the next status hearing.

It is within our discretion to deny Defendant's motion even if Plaintiff suffers no specific harm from the 18-day delay in filing, as Defendant's failure to comply with our deadlines has a "cascading effect on the rest of the cases and motions pending in a busy court." *Postle*, 2015 WL 521365, at *3. The Seventh Circuit has directed that enforcement of summary judgment deadlines is "justified in light of the district court's significant interest in maintaining the integrity of its calendar." *Wienco, Inc. v. Katahn Assocs., Inc*., 965 F.2d 565, 568 (7th Cir. 1992); *see also Reales v. Consol. Rail Corp.*, 84 F.3d 993, 996 (7th Cir.1996) (explaining that in managing their caseloads, district courts "are entitled—indeed they must—enforce deadlines"). This is particularly true when a case has been moving quickly toward trial.

Accordingly, we decline to extend the summary judgment deadline, and deny Defendant's motion to deem its summary judgment motion timely. We thus strike Defendant's motion for summary judgment as untimely.

## II. Plaintiff's Request for Sanctions for Late-Filed Summary Judgment Motion

Finally, we turn to Plaintiff's request for attorney's fees. Plaintiff asserts she is "entitled to an award of attorney's fees as sanctions for having to respond to an untimely motion." (Pl. SJ Resp. at 7.) While Plaintiff cites one Seventh Circuit case that affirms an award of attorney's fees for time spent drafting a response to an untimely summary judgment motion, Plaintiff fails

to cite any rule or statute providing for the reward of fees. *Id.* Nor has Plaintiff provided any reasoning justifying sanctions. *Johnson v. Bellwood Sch. Dist. 88*, No. 14 C 10498, 2016 WL 3476660, at *6 (N.D. Ill. June 27, 2016) (citing *Weinstein v. Schwartz*, 422 F.3d 476, 477 n. 1 (7th Cir. 2005)); Fed. R. Civ. P 54(d)(2)(B) (requiring a motion for attorneys' fees to specify the "statute, rule, or other grounds entitling the movant to the award" and "state the amount sought or provide a fair estimate of it"). We thus deny Plaintiff's request for sanctions in the form of attorney's fees for time spent responding to Defendant's motion for summary judgment because of Plaintiff's failure to develop and support her argument. *C & N Corp. v. Gregory Kane & Ill. River Winery, Inc.*, 756 F.3d 1024, 1026 (7th Cir. 2014) (deeming arguments that are "underdeveloped, conclusory, or unsupported by law" to be waived).

## CONCLUSION

For the foregoing reasons, we hereby deny Defendant's motion to set a dispositive motion filing deadline or deem its summary judgment motion timely. (Dkt. No. 57). We thus strike Defendant's motion for summary judgment as time barred. (Dkt. No. 40.) It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: January 10, 2018
 Chicago, Illinois

7